**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PENNSYLVANIA SKILL GAMES, LLC, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. __2:20-cv-1177_____ |
| | ) | |
| v. | ) | ***Electronically filed*** |
| | ) | |
| ACTION SKILL GAMES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that the Defendant sued as Action Skill Games, LLC ("ASG") in the action entitled "Pennsylvania Skill Games LLC, Plaintiff, v. Action Skill Games, LLC, Defendant," bearing Civil Action No. 2020-10608 on the docket of the Civil Division of the Court of Common Pleas of Beaver County, Pennsylvania, by and through undersigned counsel, hereby removes the said action to the United States District Court for the Western District of Pennsylvania on the 7th day of August, 2020, without prejudice to and with full reservation of all rights. In support of removal, ASG states:

1.      The action entitled "Pennsylvania Skill Games LLC, Plaintiff, v. Action Skill Games, LLC, Defendant," bearing Civil Action No. 2020-10608 on the docket of the Civil Division of the Court of Common Pleas of Beaver County, Pennsylvania, was filed on June 29, 2020. ASG accepted service of the Complaint on July 8, 2020. Thus, removal is timely under 28 U.S.C. § 1446(b).

2.      Attached hereto at Exhibit A is a copy of all documents filed in the action entitled "Pennsylvania Skill Games LLC, Plaintiff, v. Action Skill Games, LLC, Defendant," bearing Civil Action No. 2020-10608 on the docket of the Civil Division of the Court of Common Pleas of Beaver County, Pennsylvania, including the Complaint.

3.      The Pittsburgh Division of the Western District of Pennsylvania encompasses Beaver County, Pennsylvania.

4.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121 because the Complaint alleges as Count III "Trademark Infringement." Plaintiff's claim of infringement necessarily arises under the Lanham Act.

5.      The marks allegedly infringed by ASG are recited in Exhibit A to the Complaint as "the following trademark applications filed with the U.S. Patent and Trademark Office: Serial No. 87856441 [for] Pennsylvania Skill . . . [and] Serial No. 87856442 [for] Pennsylvania Skill."  On October 15, 2019, Application Serial No. 87/856,441 was registered on the Supplemental Register at Registration No. 5,887,224.  Further, on February 11, 2020, Application Serial No. 87/856,442 published for opposition prior to registration on the Principal Register.  Thus, the Complaint alleges infringement of marks that are either federally-registered, or for which Plaintiff is seeking federal registration.  Additionally, both of these marks currently are subject to litigation in *POM of Pennsylvania, LLC v. Pennsylvania Skill Games, LLC*, No. 2:18-cv-722-PLD (W.D. Pa., *filed* May 31, 2018).

6.      Moreover, Plaintiff alleges at Paragraph 16 of the Complaint that "Plaintiff is entitled to all damages and treble damages in accordance with law."  As a matter of law, treble damages are available for trademark infringement under Pennsylvania law only for marks that have been registered in the Commonwealth of Pennsylvania, *see* 54 Pa. C.S.A. § 1125(a), whereas, the Lanham Act permits the recovery of treble damages under certain circumstances. *See* 15 U.S.C. § 1117(a) and (b).  Upon information and belief, Plaintiff has not registered PENNSYLVANIA SKILL as a mark in the Commonwealth of Pennsylvania, and thus is not entitled to treble damages under Pennsylvania law.

2

7.      Plaintiff also pleads statutory damages in the wherefore clause of Count III.  There are no statutory damages for trademark infringement under Pennsylvania state law.  *See* 54 Pa. C.S.A. § 1125(a).  Under certain circumstances, statutory damages are available under the Lanham Act.  *See* 15 U.S.C. § 1117(c).

8.      Because federally-registered (or soon-to-be-registered) marks are at issue, and Pennsylvania law cannot grant the relief positively alleged by Plaintiff in numbered Paragraph 16 and in the wherefore clause, Plaintiff's Count III clearly arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.  Thus, removal is based on a claim "arising under" federal law.

9.      This Court has at least supplemental jurisdiction over Counts I, II, and IV,[1] because these counts are so related to each other that they form part of the same case or controversy under Article III of the Constitution of the United States.  *See* 28 U.S.C. § 1367.

10.     There are no unjoined Defendants to this action.

11.     ASG therefore may remove this action under 28 U.S.C. § 1441(a).

12.     ASG promptly will serve a copy of this Notice of Removal on counsel for Plaintiff, and will file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Butler County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

---

[1] This Court also likely has original jurisdiction over Plaintiff's Count IV – Unfair Competition. Similarly to Count II, Plaintiff pleads statutory and treble damages for its unfair competition claim. These forms of relief are unavailable to a business or commercial plaintiff for claims brought under Pennsylvania law, but are available under certain circumstances for claims brought under the Lanham Act. *See* 15 U.S.C. §§ 1117(a) and 1125(a). *Compare with* 72 PA C.S.A. § 201-9.2(a) (The Pennsylvania Unfair Trade Practices and Consumer Protection Law providing for treble damages in a private actions brought *only* by consumers of goods or services "primarily for personal, family or household purposes").

Date August 7, 2020                          Respectfully submitted,

                                             **THE WEBB LAW FIRM**


                                             s/ *John W. McIlvaine*
                                             John W. McIlvaine (PA ID No. 56773)
                                             Anthony W. Brooks (PA ID No. 307446)

                                             One Gateway Center
                                             420 Ft. Duquesne Blvd., Suite 1200
                                             Pittsburgh, PA 15222
                                             412.471.8815
                                             412.471.4094 (fax)
                                             jmcilvaine@webblaw.com
                                             abrooks@webblaw.com
                                             *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2020, a copy of this **NOTICE OF REMOVAL** was served via overnight courier and e-mail on the following counsel for Plaintiff:

Gregg R. Zegarelli
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241
412.559.5262
412.833.0601 (fax)
gregg.zegarelli@zegarelli.com

**THE WEBB LAW FIRM**

s/ *John W. McIlvaine*
John W. McIlvaine