1360148

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA SKILL GAMES LLC,       CIVIL ACTION NO. 2:20-cv-01177-PLD

Plaintiff,

v.

ACTION SKILL GAMES, LLC,                  The Honorable Patricia L. Dodge

Defendant.

## MOTION TO INTERVENE

AND NOW COME POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC (collectively, hereinafter referred to as "POM" or "Intervenors"), by and through their undersigned counsel pursuant to Federal Rule of Civil Procedure 24 and moves this Honorable Court as follows:

1.      Intervenors are presently involved in litigation with Pennsylvania Skill Games, LLC ("PSG") in a consolidated matter before this Honorable Court at 2:18-cv-722 (the "Trademark Litigation").

2.      In the Trademark Litigation, Intervenors and Miele Manufacturing, Inc. have filed a trademark infringement, unfair competition, and related claims against PSG.

3.      A central issue in the Trademark Litigation involves allegations that PSG improperly filed a trademark application for the mark "Pennsylvania Skill Games" (the "Mark") because PSG never used the trademark in commerce, it co-opted and improperly used a stylized logo that PSG had no involvement in creating, and that PSG has—and continues to—apply the Mark onto illegal gaming machines throughout the Commonwealth.

1360148

4.      In sum, Intervenors have alleged that PSG has no basis to assert any ownership of the Mark, that PSG's application for trademark is improper, if not fraudulent, and that PSG has engaged in unfair competition by improperly using the Mark and Intervenors' intellectual property—among other things.

5.      PSG has not offered a shred of evidence in the Trademark Litigation to demonstrate ownership of the Mark other than a few self-made photographs of a trade name (as opposed to a trademark).

6.      On Friday, August 7, 2020, Intervenors learned through the Courthouse News Service that PSG had filed a lawsuit against Action Skill Games, LLC in the Court of Common Pleas at Docket 10608 of 2020, which was removed to this Honorable Court at Docket No. 2:20-cv-01177 (the "Action Lawsuit").

7.      The Action Lawsuit appears to involve a contract dispute over a "License Agreement" that PSG allegedly entered into with Action Skill Games, LLC on May 15, 2018, which is based upon the mark at issue in the Trademark Litigation.

8.      The License Agreement appears to involve a transaction between PSG and Action Skill Games, LLC whereby PSG is claiming ownership of the Mark and is licensing it to third parties.

9.      Intervenors claim sole and exclusive ownership of the Mark.

10.     Intervenors also have obtained third party evidence that portions of PSG's trademark applications are false, particularly with respect to the dates that PSG claims to have been using the Marks in commerce.

11.     Intervenors' application is timely. At no time prior to the Action Lawsuit and the publication of same on the Courthouse New Service were Intervenors aware of the underlying

2

1360148

litigation, any third party transaction involving the Marks, or the fact that PSG was licensing the Mark.

12.    The discovery of the Action Litigation and the claims being made related to the Mark are particularly troubling considering that Intervenors issued Requests for Production of Documents on PSG in October of 2018, and requested confirmation on May 1, 2020 from PSG that full and complete responses were made. These discovery requests specifically asked for copies of contracts involving the trademarks and any related communications.

13.    PSG has failed to produce to Intervenors any documents or communications that are responsive to the above requests despite the fact that they clearly exist, as PSG filed suit against a third party regarding those very issues and attached a license agreement to the Action Lawsuit complaint.

14.    Therefore, Intervenors have not been dilatory in intervening in the Action Lawsuit as they were unaware it existed until the aforementioned intervention.

15.    Intervenors have a substantial interest in the underlying litigation as it involves the ownership of intellectual property rights that of which Intervenors claim sole and exclusive ownership.

16.    Intervenors have a substantial interest related to the property or transaction that is the subject of the Action Litigation and is so situated that disposing of the action may as a practical matter impair or impede Intervenors' ability to protect its interest unless existing parties adequately represent that interest.

17.    Therefore Intevenors have a right to intervene in this matter. F.R.C.P. 24 (a)(2).

1360148

18.    Alternatively, Intervenors should be permitted to intervene pursuant to F.R.C.P. 24 (b)(1)(B), as Intervenors have a claim or defense that shares with the main action a common law or fact.

19.    Permitting Intervenors the right to intervene in this matter will neither prejudice any party nor unduly delay the original parties' rights. F.R.C.P. 24 (b)(3)

20.    The interests of the Intervenors in the property rights at issue in the Action Litigation cannot be adequately represented by the existing parties. As such, intervention is appropriate.

21.    Pursuant to F.R.C.P. 24 (c), an answer to the Complaint is attached.

WHEREFORE, Intervenors Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC respectfully request that this Honorable Court enter the attached Order.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By: /s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306

    T:  412-325-1116
    F:  412-325-3324
    E:  jneiser@spilmanlaw.com

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219

    **Attorneys for Intervenors Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC**

4

1360148

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNSYLVANIA SKILL GAMES LLC, | CIVIL ACTION NO. 2:20-cv-01177-PLD |
| Plaintiff, | |
| v. | The Honorable Patricia L. Dodge |
| ACTION SKILL GAMES, LLC, | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Motion** was served upon the

undersigned counsel of record this 21st day of August, 2020 via the Court's CM/ECF System:

|  | Via email to jmcilvaine@webblaw.com |
|---|---|
| Via email to mailroom.grz@zegarelli.com | abrooks@webblaw.com |
| | |
| Gregg R. Zegarelli, Esquire | John W. McIlvaine, Esquire |
| Zegarelli Technology & Entrepreneurial | Anthony W. Brooks, Esquire |
| Ventures Law Group, P.C. | The Webb Law Firm |
| 2585 Washington Road, Suite 134 | One Gateway Center |
| Summerfield Commons Office Park | 420 Ft. Duquesne Blvd., Suite 1200 |
| Pittsburgh, PA  15241 | Pittsburgh, PA  15222 |

**Counsel for Plaintiff Pennsylvania Skill Games LLC**

**Counsel for Defendant Action Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

/s/ Julian E. Neiser
Julian E. Neiser