13260171

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA SKILL GAMES LLC,      CIVIL ACTION NO. 2:20-cv-01177-PLD

       Plaintiff,

        v.

ACTION SKILL GAMES, LLC,         The Honorable Patricia L. Dodge

       Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

AND NOW COME POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC (collectively, hereinafter referred to as "POM" or "Intervenors"), by and through their undersigned counsel pursuant to Federal Rule of Civil Procedure 24 and files the within Memorandum in Support of Motion to Intervene:

## INTRODUCTION

Intervenors are presently involved in litigation with Pennsylvania Skill Games, LLC ("PSG") in a consolidated matter before this Honorable Court at 2:18-cv-722 (the "Trademark Litigation"). In the Trademark Litigation, Intervenors and Miele Manufacturing, Inc. have filed a trademark infringement, unfair competition, and related claims against PSG. (See, Trademark Litigation, ECF Doc. # 1).

A central issue in the Trademark Litigation involves allegations that PSG improperly filed a trademark application for the mark "Pennsylvania Skill Games" (the "Mark") because PSG never used the trademark in commerce, it coopted and improperly used a stylized logo that PSG had no involvement in creating, and that PSG has—and continues to—apply the Mark onto illegal gaming machines throughout the Commonwealth.

13260171

In sum, Intervenors have alleged that PSG has no basis to assert any ownership of the Mark, that PSG's application for trademark is improper, if not fraudulent, and that PSG has engaged in unfair competition by improperly using the Mark and Intervenors' intellectual property—among other things.

On Friday, August 7, 2020, Intervenors learned through the Courthouse News Service that PSG had filed a lawsuit against Action Skill Games, LLC in the Court of Common Pleas at Docket 10608 of 2020, which was removed to this Honorable Court at Docket No. 2:20-cv-01177 (the "Action Lawsuit").  The Action Lawsuit appears to involve a contract dispute over a "License Agreement" that PSG allegedly entered into with Action Skill Games, LLC on May 15, 2018. Attached hereto is Exhibit A of the removal motion filed by Action Skill Games, LLC, which includes the lawsuit filed in Beaver County and the License Agreement.

The License Agreement appears to involve a transaction between PSG and Action Skill Games, LLC whereby PSG is claiming ownership of the Mark and is licensing it to third parties.

The Action Lawsuit is the first time Intervenors learned that PSG is using Intervenors' artwork, which is protected by copyright, or trademark as part of a third-party agreement.

## INTERVENORS MEET ALL STANDARDS OF FRCP 24

F.R.C.P. 24 states:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

13260171

Intervenors claim a right to intervene pursuant to F.R.C.P. (a)(2).

### A.      *Intervenors' Application is Timely*

At no time prior to the Action Lawsuit and the publication of that matter on the Courthouse New Service were Intervenors aware of the underlying litigation, any third party transaction involving the Marks, or the fact that PSG was licensing the Mark using Intervenors' artwork. The principal parties have agreed on an extension to answer or otherwise plead to the Action Complaint on August 24, 2020. (See ECF Doc. # 6). Therefore, Intervenors' Motion will not adversely affect the progress of the underlying litigation.

The Motion to Intervene also is timely because Intervenors also are not dilatory in response to any claims, in any form, related to the subject matter of this case because they had no knowledge of the underlying "license agreement" or any relationship between PSG and Action. Specifically, Intervenors issued Requests for Production on PSG in October of 2018, and requested confirmation on May 1, 2020 from PSG that full and complete responses were made regarding any contracts involving the trademark and any related communications.

PSG has failed to produce to Intervenors any documents or communications that are responsive to the above requests despite the fact that they clearly exist, as PSG filed suit against a third party regarding those very issues and attached a license agreement to the Action Lawsuit complaint. Therefore, Intervenors have not been dilatory in intervening in the Action Lawsuit as they were unaware it existed until the aforementioned intervention.

### B.      *Intervenors Have a Substantial Interest in the Underlying Litigation*

Intervenors have a substantial interest in the underlying litigation as it involves the ownership of intellectual property rights to which Intervenors claim sole and exclusive ownership. Intervenors also  have a substantial interest related to the property or transaction that

3

13260171

is the subject of the Action Litigation and is so situated that disposing of the action may as a practical matter impair or impede Intervenors' ability to protect its interest unless existing parties adequately represent that interest.

Therefore Intevenors have a right to intervene in this matter. F.R.C.P. 24 (a)(2).

**C.      *Alternatively, Intervenors Should be Granted Relief by Permission***

Alternatively, Intervenors should be permitted to intervene pursuant to F.R.C.P. 24 (b) (1) (B), as Intervenors have a claim or defense that shares with the main action a common law or fact. Permitting Intervenors the right to intervene in this matter will neither prejudice any party nor unduly delay the original parties' rights. F.R.C.P. 24 (b)(3)

**D.      *Intervenors Have Complied with the Rules***

Intervenors believe that reference to the existing Trademark Litigation provides all necessary justification for the within application, to include satisfying the requirement for a pleading pursuant to F.R.C.P. 24(c). Intervenors filed a proposed Answer and Affirmative Defenses with its Motion to Intervene to ensure compliance with F.R.C.P. 24(c).

Action Skill Games, LLC does not object to this intervention.

13260171

## **CONCLUSION**

The interests of the Intervenors in the property rights at issue in the Action Litigation cannot be adequately represented by the existing parties. Intervenors have met all requirements of F.R.C.P. 24. As such, intervention is appropriate, and it is requested that this Honorable Court issue the Order attached to Intervenors' Motion.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306

    T:  412-325-1116
    F:  412-325-3324
    E:  jneiser@spilmanlaw.com

One Oxford Centre, Suite 3440
301 Grant Street
Pittsburgh, PA  15219

**Attorneys for Intervenors Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC**

5

13260171

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA SKILL GAMES LLC,

Plaintiff,

v.

ACTION SKILL GAMES, LLC,

Defendant.

CIVIL ACTION NO. 2:20-cv-01177-PLD

The Honorable Patricia L. Dodge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Memorandum in Support**

**of Motion to Intervene** was served upon the undersigned counsel of record this 21st day of

August, 2020 via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Zegarelli Technology & Entrepreneurial
    Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241

**Counsel for Plaintiff Pennsylvania Skill
Games LLC**

Via email to jmcilvaine@webblaw.com
abrooks@webblaw.com

John W. McIlvaine, Esquire
Anthony W. Brooks, Esquire
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA  15222

**Counsel for Defendant Action Skill Games, LLC**


SPILMAN THOMAS & BATTLE, PLLC

/s/ Julian E. Neiser
Julian E. Neiser