**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PENNSYLVANIA SKILL GAMES, LLC, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 2:20-cv-01177-PLD |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| ACTION SKILL GAMES, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT**

AND NOW, comes Plaintiff, by and through legal counsel, files this Amended Complaint, averring as follows, with any exhibit identified herein hereby incorporated into this pleading by this reference:

**Averments Common to All Counts**

1.    Plaintiff is a Pennsylvania limited liability company with a place of business at 1 Constitution Boulevard, Aliquippa, Beaver County, PA 15001.

2.    Defendant is a Pennsylvania limited liability company with a place of business at 1641 Pine Hollow Road, McKees Rocks, PA 15136.

3.    Plaintiff is the owner of the trademark "PENNSYLVANIA SKILL GAMES," as well as formatives thereof, including "PENNSYLVANIA SKILL" AND "PA SKILL" (collectively, the "Mark").

4.    Plaintiff has used the Mark on and in conjunction with skill games since 2010.

5.      The skill game industry existed in 2010, for which public tournaments were conducted using skill games, including "MEGATOUCH" skill games.  Exhibit 1 [1.1–1.4] is an accurate representative depiction of at least one MEGATOUCH skill game machine used by Plaintiff in conjunction with the Mark in 2010.[1]  Exhibit 2 is the Affidavit of John Grachanin setting forth a third party statement that identifies such use as long ago as in 2010.

6.      In 2010 and thereafter since 2010, Plaintiff had and has further developed good will and a reputation within and with regard to the skill games amusement industry.

7.      Plaintiff has a valid subsisting trademark and uses the same in commerce within this Commonwealth and in interstate commerce.

8.      Plaintiff is the owner of U.S. Reg. No. 5,887,224.  Exhibit 3.

9.      The Mark has acquired distinctiveness and secondary meaning, being in commercial use since 2010.

10.     Plaintiff and Defendant are competitors.

11.     Defendant was aware of Plaintiff's good will and reputation within and with regard to the skill games amusement industry on or about early 2018.

12.     On or about May, 2018, Defendant was intentionally using a mark that was calculated to be similar to the Mark in order to trade off of the aforesaid goodwill and reputation of Plaintiff.

13.     On May 15, 2018, Plaintiff and Defendant entered into the Agreement attached hereto as Exhibit 4 (the "**Agreement**") in which the Plaintiff and Defendant agreed and voluntarily mutually assented, *inter alia*:

        a.  In Section 1, a term of agreement of five (5) years.

---

[1] In subsequent years, there was an introduction of other "skill games" by other manufacturers that operated in a manner more like gambling machines, which caused litigation as to whether those particular games were or were not gambling devices.  The MEGATOUCH type skill game did not "play" in the same manner as such later games.

b. In Section 2.a.–2.b., payment of $100 for every $5,000 "fill" for any machine bearing the PSG Marks (as defined therein), meaning "'Pennsylvania Skill' as used in several forms, including without limitation a stylized form and a standard character word form, used on or in connection with certain goods and services, including but not limited to electronic gaming machines, as well as all right title and interest in common law rights from uses on goods and services for which registrations have not been obtained,  including but not limited to the following trademark applications filed with the U.S. Patent and Trademark Office: Serial No. 87856441, Trademark: Pennsylvania Skill, Type: Standard Character Word Mark, Class: 28 - Electronic gaming machines Filed: March 30, 2018 Serial No. 87856442 Trademark: Pennsylvania Skill Type: Stylized Color Mark Class: 28 - Electronic gaming machines Filed: March 30, 2018" and "any other copyrights, service marks, lettering, trade dress, color schemes, logos, trademarks, word marks. symbols, emblems, trademark designs, indicia or source, identification, sponsorship or affiliation, if any, used, owned or reasonably understood to be associated with [Plaintiff]."  [The term "Mark" hereafter includes the definition set forth in the Agreement as set forth in the Agreement.]

c. In Section 2.c., that Plaintiff shall have the right to prohibit or limit, in its sole discretion, any use of the Mark that Plaintiff "believes may injure, impede or compromise the significant goodwill in and to the Mark."

d. In Section 2.d., that Defendant would not during the term of the Agreement or at any time thereafter, directly or indirectly attack or question Plaintiff's ownership of the Mark.

e. In Section 4, that Defendant would indemnify and hold Plaintiff harmless, including court costs and attorney's fees, including for, as set forth in subsection (v) any use of the Mark anywhere by Defendant which use either is not expressly authorized by the Agreement or is

3

inconsistent with the terms or conditions of the Agreement and (ix) any breach by Defendant of the Agreement.

f. In Section 8, that the Agreement was "jointly" drafted.

g. In Section 11, that the parties read the Agreement, had the opportunity for legal counsel, entered into the Agreement without relying upon the representation or statement of any party.

14. The Agreement does not have any release of liability for past or future trademark infringement.

15. Plaintiff further avers that:

a. Defendant purposefully, intentionally and willfully used the Mark or a formative thereof knowing that Defendant's acts continue to create or are likely to create an association and confusion in the marketplace, and causes significant devaluation of the Mark.

b. By said activity, Defendant has intentionally, recklessly and wantonly engaged in a course of conduct that has damaged Plaintiff.

c. Defendant's infringement of the Mark is likely to cause or is causing damage to Plaintiff.

d. Defendant has used the Mark or a formative thereof that is, consists of, or comprises, a mark which so resembles the Mark and not abandoned, as to be likely, when used on or in connection with the goods or services identified with the Mark to cause confusion, mistake, deceive, lessen the ability of Plaintiff to distinguish itself in the marketplace, cause confusion, mistake and/or an untrue sponsorship, affiliation or association, and/or otherwise be in violation of law.

## COUNT I
## BREACH OF WRITTEN CONTRACT

16. Plaintiff hereby incorporates by this reference the preceding paragraphs of this Amended Complaint, as if pleaded again herein.

17. The term of the Agreement is continuing until May 15, 2023 and may not be terminated early by Defendant.

18. Defendant has failed to make the required payments in breach of the Agreement as set forth above.

19. On or about October 21, 2019, Defendant paid $5,000 to Plaintiff.

20. Although discovery has yet to occur, Plaintiff believes and hereby avers that a balance of $355,000 was due as of October 28, 2020, said outstanding balance calculated based upon 900 skill game machines bearing the Mark and 1 "fill" per week.

21. Plaintiff sent Defendant the Invoice attached hereby as Exhibit 5 on or about October 28, 2019, setting forth the outstanding and overdue balance which has not been paid as agreed as of the date hereof.

22. On or about October 21, 2019, Frank Grubser, authorized agent of Defendant, represented to Plaintiff that Defendant had 900 machines bearing the Mark.

23. Plaintiff has demanded payment, has performed all conditions precedent to be paid, but has not been paid by Defendant the balance as agreed.

24. Defendant has failed to perform its duty as required by the Agreement by failure to pay for using the Mark as required pursuant to the Agreement.

25. Defendant has breached the Agreement.

26. Pursuant to the Agreement, Plaintiff is entitled to indemnification for the costs associated with bringing this collection action, including attorneys' fees.

WHEREFORE, Plaintiff hereby demands judgment for all damages permitted by law, including, but not limited to, as lawfully calculated pursuant to the agreed indemnification, which includes interest, attorneys' fees and court cost.

## COUNT II
## VIOLATION OF LANHAM ACT §43(a)

27. Plaintiff hereby incorporates by this reference the preceding paragraphs of this Amended Complaint, as if pleaded again herein.

28. Defendant is using a formative of "Pennsylvania" and "Skill" together in the connection and manner set forth in Exhibit 6.

29. Said formative is used in a manner calculated to be a type of trademark "branded usage" and, among all designations that may be available in the world, is using said formative that closely resembles the Mark to the relevant consuming public, and which uses both "Pennsylvania" and "Skill" and "PA- Skill Games" as set forth in Exhibit 6.

30. By virtue of the use by Defendant of the Mark as set forth above, Defendant has, on or in connection its goods or services used in commerce a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

31. Defendant has, in Defendant's commercial advertising or promotion, misrepresented the nature, characteristics, qualities Defendant's goods services, or commercial activities, in violation of Section 43(a) of the Lanham Act.

32. Plaintiff believes that it is or is likely to be damaged by said acts of Defendant.

33. Upon information and belief, Defendant does business using the Mark in commerce in the Commonwealth of Pennsylvania and in interstate commerce.

34. Based upon information and belief, each board member or other trustee who is natural person, participated in, coordinated, authorized and approved the scheme to infringe upon Plaintiff's rights. Each such person had actual and constructive knowledge of the rights of Plaintiff, but proceeded for the wrongful purposes averred in this Complaint. Furthermore, each such person has, notwithstanding filing this action, continued their participation in the ongoing acts of infringement, unfair competition, devaluation of Plaintiff's marks and reputation as well as otherwise averred herein.

35. Defendant's actions infringe upon Plaintiff's common law rights as well as rights pursuant to the Lanham Act, including, but not limited to, Section 43(a) thereof.

36. In accordance with the above, Defendant has unfairly competed with Plaintiff and false advertised.

37. Plaintiff has been injured by the use as aforesaid by Defendant and is entitled to all damages available in accordance with law.

WHEREFORE, Plaintiff hereby demands judgment for all damages permitted by law.

7

## COUNT III
## PENNSYLVANIA COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

38.    Plaintiff hereby incorporates by this reference the preceding paragraphs of this Complaint, as if pleaded again herein.

39.    Without permission or license, Defendant has intentionally used unauthorized marks, designations or versions thereof which confuse or are likely to confuse the public, or to create an untrue affiliation or denote untrue sponsorship by Plaintiff, including unauthorized version of marks that include the terms "Pennsylvania" and "Skill" for and calculated for no other reason than to pass off Defendant's goods or services for those of Plaintiff.

40.    Defendant has infringed upon Plaintiff's proprietary and trademark rights in the Mark.

41.    Plaintiff has been injured by the use as aforesaid by Defendant and Plaintiff is entitled to all damages available in accordance with law.

WHEREFORE, Plaintiff hereby demands judgment for all damages permitted by law.

## COUNT IV
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

42.    Plaintiff hereby incorporates by this reference the preceding paragraphs of this Amended Complaint, as if pleaded again herein.

43.    The infringing action by Defendant has a bearing on the reputation and business of Plaintiff by which Plaintiff is injured in a manner that cannot be remedied solely by monetary damages.

8

44.     The damages being incurred by Plaintiff, including the public confusion over the origin of goods and services are of a nature that money alone cannot remedy and Plaintiff is being irreparably harmed thereby.

45.     By reason of Defendant's acts as alleged herein, Plaintiff has and will suffer damage to its business, reputation and good will and the loss of sales and profits Plaintiff would have made but for Defendant's acts.

46.     Defendant threatens to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage.  It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

47.     Defendant continues to use the Mark without right, license or permission.

48.     Plaintiff has been injured thereby and is entitled to preliminary and permanent injunctive relief.

WHEREFORE, Plaintiff hereby prays for preliminary and permanent injunctive relief.


**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays:

1. **Injunctive Relief.**  1(a).  **Enjoin Defendant.**  That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C.A § 1116, enjoining and restraining Defendant, social media sites, index engines, and Defendant's agents, servants and employees from directly or indirectly using the Mark or any other mark, word or name similar to the Mark which is likely to cause confusion, mistake or to deceive.

9

That this Court, pursuant to the power granted it under 15 U.S.C.S. § 1118, order that all labels, signs, prints, packages, wrappers, cabinets, receptacles, and advertisements in the possession of Defendant bearing the Mark and all plates and other means of making the same, shall be delivered up to the Court for destruction.

1(b).    **Enjoin Defendant' Agents, Advertisers, Resellers, etc.**  That this Court grant an injunction enjoining and restraining Defendant and its agents, advertisers, distributors, resellers, servants and employees from (1) directly or indirectly using the Mark or any other mark, word or name similar to the Mark which are likely to cause confusion and (2) continuing any and all acts of unfair competition as herein alleged.

1(c).  **Specific Performance.**  That this Court order that Defendant notify all advertisers, agents, internet service providers and other contributing in the infringement to cease and desist contributing to the infringement, including but not limited to causing the re-indexing of all search engines on the Internet as well as transferring any domain names bearing the Mark to Plaintiff.

2.      **Accounting.**  That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein.

3.      **All Permissible Damages.**  3(a) **Compensatory Damages.**  That the Court award Plaintiff compensatory damages in an amount to be proven at trial;

3(b)    **Statutory Damages.**  That this Court award Plaintiff statutory damages, pursuant to Federal and Pennsylvania law to the fullest extent provided by the respective statutes averred herein;

3(c) **Treble Damages.**  That this Court award Plaintiff TREBLE the amount of actual damages suffered by Plaintiff, pursuant to available statutes providing for such treble damages as averred herein.

3(d) **Punitive and Exemplary Damages.**  That this Court award punitive and exemplary damages against Defendant and in favor of Plaintiff in a sum to be determined at trial by reason of Defendant's unfair competition and passing off.

4.      **Cost of Litigation.**  That this Court award Plaintiff the costs of this action.

5.      **Attorneys' Fees.**  That this Court award Plaintiff all of its attorney fees.

6.      **Additional Damages.**  Furthermore, that this Court grant such other and further relief as it shall deem to be just and proper.

**TECHNOLOGY  &  ENTREPRENEURIAL VENTURES LAW GROUP, PC**

*s/Gregg Zegarelli*
Gregg R. Zegarelli

2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241
412.833.0600
412.833.0601 (fax)
gregg.zegarelli@zegarelli.com
*Attorney for Plaintiff*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

TECHNOLOGY & ENTREPRENEURIAL
VENTURES LAW GROUP, PC

*s/Gregg Zegarelli*
Gregg R. Zegarelli

2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241
412.833.0600
412.833.0601 (fax)
gregg.zegarelli@zegarelli.com
*Attorney for Plaintiff*