# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA SKILL GAMES, LLC, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 2:20-cv-01177-PLD |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| ACTION SKILL GAMES, LLC, | ) | *Electronically filed* |
| | ) | |
| Defendant. | ) | |

## COMBINED RESPONSE AND BRIEF IN OPPOSITION
## TO MOTION TO INTERVENE

AND NOW, comes Plaintiff, by and through legal counsel, and files this Combined Response and Brief in Opposition to Motion to Intervene, averring as follows:

### Introductory Narrative

By power and force, a bully can take a ball from a boy or girl and claim that it is his own. He can parade that ball all around the schoolyard claiming it to be his own. Seeing this, people might believe that it his own. But, the ball is not his own.

Pace-O-Matic is a trademark infringer. Miele Manufacturing is a trademark infringer. Savvy Dog is an infringer, and POM of Pennsylvania is an infringer.

Pennsylvania Skills Games has been using "Pennsylvania Skill Games" since 2010.[1] Pace-O-Matic and Miele Manufacturing absolutely needed Pennsylvania Skill Games in 2015, and, as to that common-sense reality, the very existence of the agreement by and between (existing) "Pennsylvania Skill Games, LLC", on the one hand, and "Pace-O-Matic, Inc." and "Miele Manufacturing" "collectively", on the other hand, speaks for itself.[2]

---

[1] See Exhibit 1 and Exhibit 2 to the Amended Complaint in this action. Exhibit 2 to the Amended Complaint is one of four such Affidavits produced in discovery in 2:18-cv-00722.

[2] See, Complaint, Exhibit B, 2:18-cv-00941.

**Specific Responses to Motion to Intervene**

1.      It is admitted that Intervenors are presently involved in litigation with Pennsylvania Skill Games, LLC ("**Pennsylvania Skill Games**") in a consolidated matter before this Honorable Court at 2:18-cv-722 (the "**x722 Case**"), as well as the separate, but consolidated, case filed at 2:18-cv-00941 (the "**x941 Case**") (collectively, the "**Contract Litigation**").

2.      It is denied that, in the Contract Litigation, Intervenors and Miele Manufacturing, Inc. have filed a trademark infringement, unfair competition, and related claims against Pennsylvania Skill Games, in the form suggested.  To the contrary, Pennsylvania Skills Games is designated plaintiff in the x941 Case, and Pennsylvania Skills Games is designated defendant in the x722 Case.

3.      It is denied that Pennsylvania Skill Games improperly filed a trademark application for the mark "Pennsylvania Skill Games" for any reason, and it is denied that Pennsylvania Skill Games never used the trademark in commerce.  To the contrary, supporting Plaintiff's own testimony in the Contract Litigation, Plaintiff has produced four—not one, but four—separate sworn Affidavits of use since as early as 2010.[3]  Moreover, Pennsylvania Skill Games used its own 2010 existing account at the American-Italian Club located in Aliquippa, Beaver County for the "controlled pickup" that was the core seminal act of the entire Pennsylvania market launch.[4] [Exhibit 1]

---

[3] One such sworn Affidavit is attached as Exhibit 2 to the Amended Complaint in this action.  See, also, Exhibit 1 to the Amended Complaint.

[4] See x941Case, Exhibit A; to wit, per the Court Memorandum Opinion and Order: "On November 19, 2013, agents of the Pennsylvania Bureau of Liquor Control Enforcement seized a Pace-O-Matic, Inc. video game device from the American-Italian Club located in Aliquippa, Beaver County..." (emphasis added)  Exhibit 1 hereto is clearly dated 2010, and evidences usage throughout the document, and in the signature line.  Plaintiff used its American-Italian account and put the relationship at risk to open the Pennsylvania market.

Furthermore, while Intervenors have, as infringers in a concerted scheme of infringement, paraded a stylized version of "Pennsylvania Skill Games" as if their own, the stylized version is "Pennsylvania Skill Games" not averred in the Amended Complaint by Pennsylvania Skill Games. It is denied that Pennsylvania Skill Games had no involvement in creating the "Pennsylvania Skill Games" stylized form of "Pennsylvania Skill Games" or that it has acted in any manner other than as rightful user of "Pennsylvania Skill Games."

4.      The averment in paragraph 4 of Intervenors' motion simply points to the pre-existing Contract Litigation, which speaks itself.  To the extent that Intervenors suggest joinder of necessary parties—those parties into this action, or this defendant into the Contract Litigation—Intervenors' averments are a matter of law or further motion practice.  Pennsylvania Skill Games denies that it has no basis to assert any ownership of "Pennsylvania Skill Games," that Pennsylvania Skill Games' application for trademark for "Pennsylvania Skill Games" is improper or fraudulent, that Pennsylvania Skill Games has engaged in unfair competition by improperly using "Pennsylvania Skill Games" or that Pennsylvania Skill Games' trademark for "Pennsylvania Skill Games" is Intervenors' intellectual property, among other or any things.

5.      It is denied that Pennsylvania Skill Games has not offered evidence in the Contract Litigation to demonstrate ownership of "Pennsylvania Skill Games."  Intervenors' statement is simply argumentative and self-serving.  To the contrary, the evidence exists, and the evidence is compelling.  See, Exhibit 1, hereto, as well as Exhibit 1 and Exhibit 2 to the Amended Complaint.

6.      Plaintiff is without information or belief as to whether, on Friday, August 7, 2020, Intervenors learned through the Courthouse News Service that Pennsylvania Skill Games had filed this action.

3

7.      This action speaks for itself.  Plaintiff denies Intervenors' characterization of this action, and, to the extent that a response is required denies the averment as characterized.  Subject to the foregoing, this case revolves around a relationship by *mutual assent*, by contract, of the parties to the contract, with ¶13.d of the Amended Complaint reflecting that Defendant will not, directly or indirectly attack or question Pennsylvania Skill Games' ownership.[5]  Intervenors, as *ex post facto third parties*, are factually and legally incompetent to address the assent that is the gist of the action.

8.      This action speaks for itself.  Plaintiff denies Intervenors' characterization of this action, and, to the extent that a response is required denies the averment as characterized.  Subject to the foregoing, this case revolves around a relationship by *assent*, by contract, of the parties, with ¶13.d of the Amended Complaint reflecting that Defendant will not, directly or indirectly attack or question Pennsylvania Skill Games' ownership.  Intervenors, as *ex post facto third parties*, factually and legally incompetent to address the assent that is the gist of the action.

9.      It is denied that Intervenors should or can claim any ownership of "Pennsylvania Skill Games" being the trademark of Pennsylvania Skill Games since long ago, 2010.  *See,* Exhibit 1, hereto, as well as Exhibit 1 and Exhibit 2 to the Amended Complaint.

---

[5] Per paragraph 2.d of the averred contract, "ASG agrees that it will not, during the term of this License Agreement or at any time thereafter, directly or indirectly attack or question PSG's ownership of the PSG Marks."  See Amended Complaint, ¶13.d.

10.     Plaintiff denies Intervenors' abstract, argumentative and unsupported statement that they have "obtained third party evidence that portions of Pennsylvania Skill Games' trademark applications are false, particularly with respect to the dates that Pennsylvania Skill Games claims to have been using the Marks in commerce."  This is not an averment of any fact, but ethereal argument with failure of any appropriate specificity; to wit: Who are the third parties?  What is the "evidence"?  What are the "portions"?  Which "applications"?  Which "dates"?  Respectfully, this is simply an unfair scandalous averment, by a toss.

11.     Plaintiff denies that Intervenors' application is timely.  Moreover, Plaintiff denies the more basic right to intervene, which would do nothing more than to confuse the resolution of rights *vis a vis* these present parties and complicate resolution.  Plaintiff is without information or belief as to whether, at no time prior to this lawsuit and the publication of same on the Courthouse New Service, were Intervenors aware of this litigation, or any third party transaction involving "Pennsylvania Skill Games", or the fact that Pennsylvania Skill Games was licensing "Pennsylvania Skill Games."  No injunction has been issued, and Plaintiff continues to enjoy all rights and benefits that it has earned and enjoyed since 2010, and since May 20, 2015 [x941 Case, Exhibit B], including as subsisting in United States Federal Trademark Registration, U.S. Reg. No. 5,887,224 for "Pennsylvania Skill Games" as a word mark, Exhibit 3 to the Amended Complaint herein.

12.     Plaintiff denies that the discovery of this litigation and the claims being made related to "Pennsylvania Skills Games" are or should be particularly troubling regarding in light of the Contract Litigation for any reason.  Plaintiff incorporates its response in ¶11 above as if set forth again here.  Moreover, filing lawsuits with exhibits is not a way to conceal information.  Indeed, Intervenors averred only that they *requested* information but did not forthrightly indicate

the deadline to provide the information had not, as of the date of the averment, yet expired.  The document at issue was provided on or prior to the deadline in the Contract Litigation.

13.    Plaintiff incorporates its response in ¶¶11–12 above as if set forth again here.  It is denied that Pennsylvania Skill Games has failed to produce to Intervenors any documents or communications that are responsive to the above requests.

14.    It is denied that Intervenors have not been dilatory in intervening in this action, claiming as they were unaware it existed until the aforementioned intervention.  To the contrary, if Intervenors wanted Pennsylvania Skill Games not to license its own trademark for "Pennsylvania Skill Games" it could have or should have filed for injunctive relief.  It did not do so because it would not be successful, and this "backdoor" approach is not appropriate by intervention.  Moreover, Intervenors and the plethora of the related "POM" companies, including Miele companies are themselves apparently acting pursuant to one or more license(s) from Pace-O-Matic, or its *ex post facto* spin-out Intervenors.

15.    It is denied Intervenors have a substantial interest in the underlying litigation.  The gist of the action is grounded from *mutual assent,* by a contract to which Intervenors are not a party.  Plaintiff hereby incorporates its response set forth in ¶8 above, as if restated herein.

16.    It is denied that Intervenors have a substantial interest related to the property or transaction that is the subject of this litigation or that they are so situated that disposing of the action may as a practical matter impair or impede Intervenors' ability to protect its interest.  Moreover, the averment in ¶16, sets forth the pivotal "unless existing parties adequately represent that interest" but, by conspicuous omission, without addressing or satisfying the stated condition, thereby making the averment illusory.

17. It is denied that Intervenors have a right to intervene in this matter. F.R.C.P. 24 (a)(2).

18. It is denied that Intervenors should be permitted to intervene pursuant to F.R.C.P. 24 (b)(1)(B), or that Intervenors have a claim or defense that shares with the main action a common law or fact. Plaintiff hereby incorporates its response set forth in ¶8 above, as if restated herein. To the contrary, Intervenors cannot address the contract claim, and Intervenors cannot "defend" a claimed use *vis a vis* the gist of the action, arising from a document of mutual assent, and cannot and should not *defend* the infringing usage.

19. Plaintiff denies that permitting Intervenors the right to intervene in this matter will neither prejudice any party nor unduly delay the original parties' rights. To the contrary, Intervenors cannot defend a contract to which neither is a party or to defend an infringing out of scope use by the Defendant. To wit, Intervenors are *defending* an *infringement* of the mark that both parties would claim, rather than *attacking* the Defendant as a party plaintiff. Intervenors for *Defendant* expose their position no less than the two mothers to King Solomon, where one would kill the baby rather than to let it live with the other to have it.[6]

---

[6] "The Judgment of Solomon is a story from the Hebrew Bible in which King Solomon of Israel ruled between two women both claiming to be the mother of a child. Solomon revealed their true feelings and relationship to the child by suggesting to cut the baby in two, with each woman to receive half. With this strategy, he was able to discern the non-mother as the woman who entirely approved of this proposal, while the actual mother begged that the sword might be sheathed and the child committed to the care of her rival. Some consider this approach to justice an archetypal example of an impartial judge displaying wisdom in making a ruling."
https://en.wikipedia.org/wiki/Judgment_of_Solomon

Intervenors set forth in the final line of their Memorandum that "Action Skill Games does not object to this intervention" suggesting that the parties talked and have it all worked out. But, such as it is, it does not change the standard. Intervenors might have pleaded that Plaintiff is unable to *protect* the claimed interest for "Pennsylvania Skill Games," but, rather, claims that Defendant, with The Webb Firm, is insufficient to *defend* an *infringement.* Defending the infringement is in derogation of the interest at issue. *See*, fn. 6, *supra.*

20.	Plaintiff denies that the interests of the Intervenors in the property rights at issue in this action cannot be adequately represented by the Defendant and The Webb Firm. Plaintiff denies that intervention is appropriate.

WHEREFORE, Plaintiff respectfully request that this Honorable Court DENY Intervenors' motion to intervene. Intervenors are incompetent regarding the gist of the action, arising from *mutual assent,* failed to take prior action and fail to have a significant interest. Moreover, Intervenors failed to aver or otherwise support that The Webb Firm is not professionally competent to defend any interests concomitant with any defense available or to be raised by Defendant.

## Applicable Law and Argument

Plaintiff Pennsylvania Skill Games incorporates the prior content set forth above.

This Court will note the conspicuous omission of support by Intervenors of the pivotal phrase, "**unless the existing parties adequately represent that interest**" expressly set forth in Fed.R.Civ.P. 24 (a)(2). Satisfaction of that statutory condition is neither pleaded in ¶16 of the motion, nor is satisfaction of that condition substantively addressed in the Intervenors' memorandum. Therefore, the motion fails as a matter of law. This Court is prevented from

assessing the required basis for intervention as baldly asserted by Intervenors. Indeed, if Intervenors had any grounds to plead the failure or ineffectiveness of The Webb Firm to "adequately represent the interest," Intervenors would have certainly pleaded it, but they dare not. Instead, Intervenors simply ignored addressing satisfaction of the applicable federal intervention standard. *Id.* It is well-settled that Intervenors bears the burden of demonstrating that they have met all four prongs of the statutory standard. *Development Finance Corp. v. Alpha Housing & Health, 54 F.3d 156, 162 (3d Cir.1995), United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1181 n. 9 (3d Cir.1994).*

Intervenors appear to be basing its claim upon the assertions it is making in the Contract Lawsuit. Intervenors pepper the motion with spurious assertions of disputes in that matter, which are simply argumentative and undetermined, and refer to a separate record of litigation.

This gist of this action is a breach of contract, which is a document of *mutual assent,* and which also contains an express statement and indemnification, and concedes not to challenge Plaintiff's intellectual property rights. *See,* Amended Complaint ¶13.d. Defendant is the best and only person who can defend its contractual rights, and is the only person responsible to pay the indemnification. Intervenors avoid addressing the substantive contract claim issue in their motion and brief. Since they are not parties to the contract at issue and without rights pursuant to the contract at issue, Intervenors appear to be simply arguing that they are necessary parties to "help" an infringer defend its intentional and capricious use of "Skill Games of Pennsylvania" rather than "Pennsylvania Skill Games" as not being infringing, to the extent not already within the scope of the assented instrument at issue. Not only is this position absurd for someone claiming to assert a proprietary interest in "Pennsylvania Skill Games," but The Webb Firm is certainly capable of presenting a defense on that basis.

The burden is on the applicant for intervention to show that its interests are not adequately represented by the existing parties. *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.,* 239 F.R.D. 404, 413 (W.D.Pa. 2006). "[W]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig.,* 418 F.3d 277, 315 (3d Cir. 2005). In order to overcome the presumption of adequate representation, "the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." *Id.*; *see also Gen. Star Indem. Co. v. V.I. Port Auth.,* 224 F.R.D. 372, 376 (D.Vi.2004) ("Because any interest [p]roposed [i]ntervenors have or may have is identical to [the defendant's], there must be a concrete showing of circumstances in the particular case that make the representation inadequate.")

Regarding a "sufficient interest in the litigation," the Supreme Court has determined that an intervenor's interest must be one that is "significantly protectable." *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). In defining a "significantly protectable" legal interest under Rule 24(a)(2), Third Circuit courts have held that "the interest must be a legal interest as distinguished from interests of a general and indefinite character," and "[t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (3d Cir.1995). This interest is recognized as one belonging to or being owned by the proposed intervenor. *United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1185 (3d Cir.1994).

Intervenors do not have standing to bring or to defend the contract that is the gist of the action. Indeed, a party must have more than an economic interest where it is the real party in

interest and where the Intervenor would have standing to raise the claim. *Harris v. Pernsley,* 820 F.2d at 596–598. *See, also, United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1185 (3d Cir.1994); *Mt. Hawley Ins. Co. v. Sandy Lake Properties,* 425 F.3d 1308, 1311 (11th Cir.2005) ("a legally protectable interest is something more than an economic interest"). A mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (3d Cir.1995).

Intervenors seek to intervene under Rule 24(b), under which courts may permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1). Intervening pursuant to Rule 24(b) is inappropriate in the instant case.

Pursuant to 24(b)(1)(B), Intervenors must have a "claim or defense" against Plaintiff with questions of fact or law in common with the main action—not just "a general interest in its subject matter or outcome." *Abney v. I.T.T. Diversified Credit Corp. (In re Environmental Electronics Systems, Inc.),* 11 B.R. 962, 964 (Bankr.N.D.Ga.1981), *citing* 3B Moores Federal Practice P 24.10(2) at p. 24–352 (1977). Intervenors have not asserted any claim arising from the contract at issue against Plaintiff for purposes of intervening under Rule 24(b)(1)(B).

Moreover, in exercising the discretion afforded to the courts under Rule 24(b), "a court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." First, Intervenors are on the wrong side of the table, arguing for a use that would derogate rights in the trademark at issue. Intervenors are simply trying indirectly to duplicate the litigation in the Contract Litigation.

11

If Plaintiff is successful in proving that all uses by Defendant are within the scope of the averred contractual instrument, then the action is simply one of determining the measure of assented damages in accordance with the instrument at issue.

If, and only if, it is determined that Defendant uses are outside of the scope of the averred contractual instrument, then, and only then, Plaintiff asserts infringement of the "Pennsylvania Skill Games" mark, thereby protecting the proprietary interest against confusing and dilutive "Skill Games of Pennsylvania" uses that look like "Pennsylvania Skill Games"; however, if Defendant, with the aid of Intervenors who purport to want to protect the interest in the Contract Litigation, are successful in that "Games of Pennsylvania Skill" are either not within the scope of the averred contractual instrument or an infringement by applicable, law, then the mark at issue is derogated, and thereby not protected.

Stated another way, the award in this case would be completely within the scope of the contract, in which case the original existing parties can fully litigate that question. Or, perhaps, some of the uses are outside of the contractual instrument's scope. To that extent, Plaintiff would have protected the proprietary nature of the brand.

There is a very basic reason why Intervenors are on the wrong side of the table for their intervention; that is, by "helping" the *Defendant*. Intervenors have power and force, but their claim is invalid, and they know it no matter how much they parade otherwise. The evidence supporting Plaintiff is clear and compelling. Therefore, Intervenors would destroy the proprietary interest in the brand rather than to be infringers, and that is why they are aiding and abetting an infringer's interest, which is exactly the opposite of the purpose for which intervention exists. *See*, fn. 6, *supra*.

13

**TECHNOLOGY & ENTREPRENEURIAL VENTURES LAW GROUP, PC**

*s/Gregg Zegarelli*
Gregg R. Zegarelli

2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241
412.833.0600
412.833.0601 (fax)
gregg.zegarelli@zegarelli.com
*Attorney for Plaintiff*

13

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date, I electronically filed the foregoing **<u>COMBINED RESPONSE</u>**

**<u>AND BRIEF IN OPPOSITION OF MOTION TO INTERVENE</u>** with the Clerk of the Court

using the CM/ECF system which sent notification to all counsel of record.

        **TECHNOLOGY & ENTREPRENEURIAL
VENTURES LAW GROUP, PC**

        *s/Gregg Zegarelli*
        Gregg R. Zegarelli

        2585 Washington Road, Suite 134
        Summerfield Commons Office Park
        Pittsburgh, PA 15241
        412.833.0600
        412.833.0601 (fax)
        gregg.zegarelli@zegarelli.com
        *Attorney for Plaintiff*