IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA SKILL GAMES, LLC,  )
              )
   Plaintiff,       )
              )
  vs.          )   Civil Action No. 20-1177
              )
ACTION SKILL GAMES, LLC,   )
              )
   Defendant.      )

## MEMORANDUM ORDER

Presently before the Court is a Motion to Intervene filed by POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC (collectively referred to as "POM").

**I. Relevant Procedural and Factual Background**

Plaintiff Pennsylvania Skill Games, LLC ("PSG") commenced a multiple count action against Defendant Action Skill Games, LLC ("ASG") in the Court of Common Pleas of Allegheny County that was removed to this Court on August 7, 2020. According to the allegations of the Amended Complaint, PSG is the owner of the trademark "PENNSYLVANIA SKILL GAMES" and other formatives (the "Mark") and has used the Mark in conjunction with skill games since 2010. It alleges that after ASG intentionally used a mark that was similar to PSG's in order to benefit from PSG's good will and reputation, PSG and ASG entered into a License Agreement pursuant to which ASG agreed, among other things, that it would pay certain sums to PSG for every $5,000.00 "fill" for any machine bearing the PSG Mark. ASG also agreed not to question PSG's ownership of the Mark and to indemnify PSG for any use by ASG of the Mark that is not authorized by the parties' Agreement.

The Amended Complaint includes claims for breach of the License Agreement by failing to make the required payments, violation of the Lanham Act, common law trademark infringement

and unfair competition and injunctive relief.   ASG has not yet responded to the Amended Complaint.

On August 21, 2020, POM moved to intervene in this action.  POM notes that POM and PSG are currently involved in two consolidated actions presently pending before the undersigned. In the first action, brought by POM and Miele Manufacturing, Inc. at Civil Action No. 18-722 (the "POM Trademark Action"), POM alleges that PSG improperly filed a trademark application for the Mark, improperly uses a stylized logo that it had no role in creating, and continues to apply the Mark to illegal gaming machines throughout the Commonwealth of Pennsylvania. In the second action, brought by PSG at Civil Action No. 18-941 (the "PSG Trademark Action"), PSG asserts that it is the owner of the Mark and alleges, among other claims, that POM and Miele Manufacturing, Inc. have infringed upon its trademark and engaged in unfair competition.

Discovery in the consolidated actions is scheduled to close on October 15, 2020, and no dispositive motions are currently pending.

In its motion to intervene, POM notes that the Mark is a central issue in the POM Trademark Action and claims that PSG has no basis to assume ownership of the Mark.  POM asserts that when it discovered the existence of PSG's lawsuit against ASG, it learned for the first time that PSG is licensing the disputed Mark to third parties. Therefore, POM contends, it has a right to intervene in this action.

**II.    Standard of Review**

POM claims that it may intervene of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Rule 24, a non-party has a right to intervene where it makes a timely motion to do so and it:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). A non-party should be permitted to intervene under Rule 24(a)(2) where: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the applicant's interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest may not be adequately represented by an existing party in the litigation." *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998).

## III.    Discussion

POM asserts that it meets all of the Rule 24(a)(2) requirements to intervene in this action. First, it notes, it filed its motion promptly after it learned of this litigation, and its intervention request was made while this lawsuit is at still at a preliminary stage. While PSG disputes without any detail the timeliness of POM's motion, the Court concludes that moving to intervene within three weeks of the removal of this action is timely.

POM next contends that it has an interest in the property or transaction that is the subject of this action as the underlying lawsuit involves the ownership of intellectual property rights in which it asserts sole ownership. While PSG asserts that POM has no such ownership rights, this matter is a central dispute in the consolidated actions that has not been resolved. Therefore, as both PSG and POM claim such rights, POM has met its burden to establish that at a minimum, it has an interest in the Mark and the right to use the Mark, including licensing that right to a third party. PSG has asserted claims against ASG in which it seeks, among other things, to enjoin ASG from using the Mark as well as damages for improperly using the Mark. If PSG does not possess such rights, then it may not have the right to pursue certain of the causes of action asserted, and it is possible that any such right or remedy would belong to POM. Thus, if POM is not permitted to intervene, a final adjudication could impair its interest by awarding damages to PSG which, at

3

least according to POM, does not own rights to the Mark at all. The Court is making no such determination, but it concludes that POM's interests could be impaired by the outcome of this litigation.

In opposing POM's motion, PSG argues that the gist of the action is grounded in the terms of the Licensing Agreement to which PSG and ASG agreed. The Court agrees that POM is not a party to that agreement and has no right to enforce its terms. At the same time, however, the Amended Complaint includes other causes of action against ASG. POM's claimed rights to the Mark and artwork conflict with those asserted by PSG, and potentially, could undermine the validity of the Licensing Agreement as well as the other claims asserted by PSG.

The final element to consider is whether ASG can adequately represent POM's interests. Clearly it cannot. Of note, the Licensing Agreement precludes ASG from attacking or questioning PSG's ownership of the Mark. For that reason alone, ASG cannot represent the interests of a party who takes the position that PSG does not own or have the right to license the use of the Mark.

Therefore, because POM has a right to intervene in this action, it is hereby ORDERED that the Motion to Intervene is GRANTED. POM shall file its responsive pleading within seven (7) days of the date of this Order.

SO ORDERED this 11th day of September, 2020.

PATRICIA L. DODGE
United States Magistrate Judge

4