## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA SKILL GAMES, LLC, | ) | Civil Action |
| | ) | |
| Plaintiff / Counterclaim Defendant, | ) | No. 2:20-cv-01177-PLD |
| | ) | |
| POM OF PENNSYLVANIA, LLC and SAVVY DOG SYSTEMS, LLC, | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| | ) | ***Electronically filed*** |
| Intervenor Plaintiffs | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| ACTION SKILL GAMES, LLC, | ) | |
| | ) | |
| Defendant / Counterclaim Plaintiff. | ) | |

## ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant / Counterclaim Plaintiff Action Skill Games, LLC (herein: "Action"), by and through its undersigned counsel, hereby respond to the individual numbered paragraphs of the Amended Complaint filed August 26, 2020 (ECF No. 14), by Plaintiff / Counterclaim Defendant Pennsylvania Skill Games, LLC (herein: "PSG").

## ANSWER TO AMENDED COMPLAINT

### Averments Common to All Counts

1.    Action is without sufficient knowledge and information to admit or deny this allegation.

2.    Admitted.

3.    Denied.

4.    Denied.

5.    Action is without sufficient knowledge and information to admit or deny the allegations of this paragraph, and on that basis denies the same.

6.      Denied.

7.      Denied.

8.      Admitted only that Exhibit 3 purports to be U.S. Trademark Reg. No. 5,887,224 for PENNSYLVANIA SKILL that lists PSG as Registrant.  Any remaining allegations of this paragraph are denied.

9.      Denied.

10.      Admitted only that PSG and Action have, at certain points in time, provided goods and/or services in the same industry.  Action is without sufficient knowledge and information to admit or deny the allegations of this paragraph, and on that basis denies the same.

11.      Denied.

12.      Denied.

13.      Admitted only that Exhibit 4 purports to be an agreement between PSG and Action.  Paragraph 13 and its subparts (a)-(g) purport to contain a summary of portions of Exhibit 4, which speaks for itself.  To the extent this paragraph and its subparts are not a verbatim recitation of the content of Exhibit 4, the same is denied.  The remainder of Paragraph 13 and subparts (a)-(g) are denied.

14.      Paragraph 14 purports to contain a summary of portions of Exhibit 4, which speaks for itself.  To the extent that PSG's summary is not a verbatim recitation of the content of Exhibit 4, the same is denied.  The remainder of Paragraph 14 is denied.

15.      This paragraph does not contain any allegation to which a response is required. To the extent any allegations are recited in this paragraph, the same are denied.

a.  Denied.

b.  Denied.

 c. Denied.

 d. Denied.

## COUNT I
## BREACH OF WRITTEN CONTRACT

16. Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

17. Paragraph 17 purports to contain a summary of portions of Exhibit 4, which speaks for itself. To the extent that PSG's summary is not a verbatim recitation of the content of Exhibit 4, the same is denied. The remainder of Paragraph 17 is denied.

18. Denied.

19. Admitted only that Action paid $5000 to Plaintiff, but denied that such payment was made under any obligation owed to Plaintiff by Action.

20. Denied.

21. Denied. By way of further response, the document at Exhibit A hereto is a true and correct copy of the invoice received by Action on or about October 28, 2019, and differs from Exhibit 5 to the Amended Complaint. The document at Exhibit A confirms that only use of the marks at U.S. Trademark Application Serial Nos. 87856441 and 87856442 – and no others – are contemplated by the Agreement. PSG has modified the document at Exhibit 5 to remove that language, without any indication of editing or redaction. Further, such invoice, whether Exhibit A to this Answer or Exhibit 5 to the Amended Complaint, is not a valid invoice, and Action disputes that any amount is owed under the License Agreement.

22. Denied.

23. Denied.

24. Denied.

25.     Denied

26.     Paragraph 26 purports to contain a summary of portions of Exhibit 4, which speaks for itself.  To the extent that PSG's summary is not a verbatim recitation of the content of Exhibit 4, the same is denied.  The remainder of Paragraph 26 is denied.

WHEREFORE Action requests that the relief sought by PSG be denied in its entirety, and that Action be awarded attorneys' fees and costs associated with this claim.

## COUNT II
## VIOLATION OF LANHAM ACT §43(a)

27.     Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

28.     Denied.

29.     Denied.  By way of further response, Action does not use or distribute its games with the "PA – SKILL GAMES" digital banner shown on the monitor of the machine in the photograph of Exhibit 6.  Such banners are input by downstream individuals without any input from Action.  Action distributes its games without any such banner, wherein the space including "PA – SKILL GAMES" in Exhibit 6 is provided to the customer blank.  Action does not recommend or instruct its customers to include "PA – SKILL GAMES" or any such message on the screen as shown in Exhibit 6.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Admitted only that Action does business in Pennsylvania and/or in interstate commerce.  The remaining allegations of Paragraph 33 are denied.

34.     Denied.

4

35.    Denied.

36.    Denied.

37.    Denied.

WHEREFORE Action requests that all relief sought by Plaintiff be denied, and that Action

be awarded costs and attorneys' fees connected with defending this claim.

## COUNT III
## PENNSYLVANIA COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

38.    Action hereby incorporates by reference the preceding paragraphs of its Answer

and Counterclaims as if fully restated herein.

39.    Denied.

40.    Denied.

41.    Denied.

WHEREFORE Action requests that all relief sought by Plaintiff be denied, and that Action

be awarded costs and attorneys' fees connected with defending this claim.

## COUNT IV
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

42.    Action hereby incorporates by reference the preceding paragraphs of its Answer

and Counterclaims as if fully restated herein.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

WHEREFORE Action requests that all relief sought by Plaintiff be denied, and that Action be awarded costs and attorneys' fees connected with defending this claim.

## ACTION'S ADDITIONAL AND AFFIRMATIVE DEFENSES

Without admitting or acknowledging whether Action bears the burden of proof as to any of the defenses set forth herein, Action asserts the following as additional or affirmative defenses to the claims and relief sought herein:

### First Defense: Failure to State a Claim

The Amended Complaint fails to state a claim against Action upon which relief can be granted.

### Second Defense: Abandonment

PSG's claims are barred in whole or in part because PSG has abandoned one or more of the marks asserted against Action, because PSG has allowed third parties to use marks that are the same or confusingly similar to the asserted marks.

### Third Defense: Acquiescence

PSG's claims are barred in whole or in part because PSG has acquiesced to related or third parties' use of a mark that is confusingly similar to the marks asserted against Action.

### Fourth Defense: Permission

PSG's Counts II, III, and IV are barred in whole or in part because PSG granted permission to Action to use the asserted and/or accused marks.

### Fifth Defense: Unclean Hands

PSG's claims are barred in whole or in part under the doctrine of unclean hands.

### Sixth Defense: Generic Mark

PSG's claims are barred in whole or in part because PSG's asserted marks are generic.

6

### Seventh Defense: Lack of Distinctiveness

PSG's claims are barred in whole or in part because the asserted marks are descriptive and lack acquired distinctiveness.

### Eighth Defense: Noninfringement

PSG's claims fail in whole or in part because Action has not infringed the asserted marks.

### Ninth Defense: No Damage

PSG's claims are barred in whole or in part on the ground that PSG has not been sufficiently damaged to obtain any requested relief.

### Tenth Defense: Estoppel

PSG's claims are barred in whole or in part under the doctrine of estoppel.

### Eleventh Defense: Plaintiff's Fault

If PSG suffered any injury or damage as alleged in its claims, such injury or damage was caused, in whole or in part, by the intentional acts, omissions, recklessness, carelessness, or negligence of PSG. PSG's damages, if any, should be reduced accordingly.

### Twelfth Defense: Waiver

PSG's claims are barred by waiver.

### Thirteenth Defense: License

PSG's claims are barred in whole or in part due to an express license given to Action to use the asserted and/or accused marks.

### Fourteenth Defense: Implied License

PSG's claims are barred by failure to exercise adequate control over the goods/services sold under the asserted marks by allowing third parties to use the same or by an implied license given to Action by PSG and/or its representatives for use of Action's marks due to PSG's and its

7

representatives' conduct authorizing use of Action's marks.

## Fifteenth Defense: Preemption

PSG's common law unfair competition claim is preempted by federal law to the extent that it is coextensive with Count II or any other federal law, including, but not limited to, copyright law.

## Sixteenth Defense: Bad Faith

PSG's Amended Complaint is frivolous and/or has been brought in bad faith.

## Seventeenth Defense: Lack of Consideration

Any agreement alleged to have been breached by Action is void for lack of consideration.

## Eighteenth Defense: Failure to Mitigate

PSG failed to mitigate its damages and said failure should reduce PSG's recovery, if any.

## Nineteenth Defense: Breach of Duty

PSG failed to perform all duties and obligations pursuant to its part to any agreement, oral or written, with Action, and such acts or omissions bar recovery herein.

## Twentieth Defense: Unjust Enrichment

The recovery sought by PSG would result in unjust enrichment

## Twenty-First Defense: Fees and Costs not Recoverable

PSG is not entitled to recover attorney's fees for any cause of action in the Amended Complaint.

## Twenty-Second Defense: Lack of Facts to Support Enhanced Damages

PSG's Amended Complaint fails to state facts sufficient to state any claim upon which an award of enhanced damages can be made.

**Twenty-Third Defense: Inequitable Conduct**

PSG is precluded and/or otherwise barred from the relief it seeks as a result of inequitable conduct.

**Twenty-Fourth Defense: Fraud**

PSG is barred from any relief based on fraud by PSG and/or its agents.

**Twenty-Fifth Defense: Reasonable and Good Faith
Belief of Performance of Legal Rights**

The acts of which PSG complains, if performed, were done so without malice or wrongful intent on the part of Action and in reasonable and good faith belief of its legal right to perform the same.

**Twenty-Sixth Defense: No Breach**

Action did not breach the Agreement cited in the Amended Complaint.

**Twenty-Seventh Defense: Senior User**

The marks asserted by PSG are invalid and unenforceable in light of rights of a senior third party.

**Twenty-Eighth Defense: Accord and Satisfaction**

Any obligation of Action to PSG under the Agreement has been discharged under the doctrine of accord and satisfaction

**Twenty-Ninth Defense: Laches/Equitable Estoppel**

PSG's claims are barred by the doctrine of laches and equitable estoppel due at least in part to PSG's delay in asserting its rights against Action and/or PSG's tacit and/or express authorization permitting Action to use its marks, upon which delay/authorization Action reasonably relied to its detriment.

**Action's Further Additional Defenses**

In addition to the defenses set forth above, Action reserves the right to raise, assert, rely upon, or add any new or additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the laws of the United States, the laws of any other governing jurisdictions that may exist or in the future be applicable based on discovery and further factual investigation in this Action, and reserve the right to amend any and all defenses set forth above as discovery proceeds.

Accordingly, Action is entitled to recover its costs, including attorneys' fees, incurred in defending against the Amended Complaint.

**General Denial**

Any allegation in PSG's Amended Complaint (ECF No. 14) that is not specifically and expressly admitted herein is hereby denied.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court:

A.      enter final judgment against PSG and in favor of Action on claims in the Amended Complaint.

B.      award Action its costs and attorneys' fees.

C.      take other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Action demands trial by jury on all matters triable by jury.

**COUNTERCLAIMS**

Defendant / Counterclaim Plaintiff Action Skill Games, LLC (herein: "Action"), by and through its undersigned counsel, hereby asserts the following counterclaims against Plaintiff / Counterclaim Defendant Pennsylvania Skill Games, LLC (herein: "PSG").

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, the trademark laws of the United States, 15 U.S.C. § 1051 *et seq*, the common law of Pennsylvania, and the Pennsylvania Declaratory Judgment Act, 42 Pa Cons. Stat. Ann. § 7531 *et seq.* Action seeks declarations that (1) the License Agreement asserted in the Amended Complaint is void; (2) Action has not breached the Agreement; (3) PSG's asserted marks are invalid; and (4) Action has not infringed any of the asserted marks. Action further seeks cancellation of the registration of PSG's asserted mark at U.S. Trademark Reg. No. 5,887,224, for PENNSYLVANIA SKILL. Action raises claims of civil fraud and unjust enrichment against PSG under Pennsylvania law.

## PARTIES, JURISDICTION AND VENUE

2. Action is a Pennsylvania limited liability company with a place of business at 1641 Pine Hollow Road, McKees Rocks, PA 15136.

3. Upon information and belief, PSG is a Pennsylvania limited liability company with a place of business at 1 Constitution Boulevard, Aliquippa, Beaver County, PA 15001.

4. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201-02, and 15 U.S.C. § 1121.

5. Personal jurisdiction is proper in this court because PSG is a Pennsylvania limited liability company that is domiciled in Pennsylvania, and has at least minimum contacts within Pennsylvania.

6. Venue is proper under 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

7. PSG filed an Amended Complaint against Action on August 26, 2020, alleging breach of contract, trademark infringement, and unfair competition.

8.      On May 15, 2018, the Parties entered into a License Agreement.

9.      The License Agreement is included as Exhibit 4 of the Amended Complaint, and is incorporated herein by reference as if restated in its entirety.

10.     Pursuant to the License Agreement, PSG purports to be the owner of two marks, identified in Exhibit A thereto.  *See* Lic. Agreement at Whereas Clause (ECF No. 14-4 at 2).

11.     The marks identified at Exhibit A to the License Agreement are PENNSYLVANIA SKILL in standard characters, and PENNSYLVANIA SKILL as a design mark (herein: "the PENNSYLVANIA SKILL Marks").  *See id.* at Ex. A (ECF No. 14-4 at 7).

12.     These marks at Exhibit A to the License Agreement are identified with the serial numbers of their respective applications for federal registration.  *See id.*

13.     The License Agreement defines the licensed marks as only those marks recited at Exhibit A thereto.  *See id.* ¶ 2.b (ECF No. 14-4 at 3).  Specifically, the License Agreement states that "[Action] shall have no rights to any PSG Marks unless the Marks are explicitly identified in Exhibit A to this License Agreement."  *Id.*  Further, the invoice received by Action on or about October 28, 2019, attached at Exhibit A hereto (which Action disputes is a valid invoice under the License Agreement), confirms that only use of the subject marks of U.S. Trademark Application Serial Nos. 87856441 and 87856442 – and no others – are contemplated by the License Agreement.

14.     As recited in the License Agreement, Action agreed to pay a fee to PSG based on Action's actual use of the PENNSYLVANIA SKILL marks.  *See* Lic. Agreement at ¶ 2.a (ECF No. 14-4 at 2-3.).

15.     The sole consideration provided by PSG in exchange for Action's agreement to pay was use of the PENNSYLVANIA SKILL marks, which PSG stated that it owned.

16.     PSG's ability to convey a right to use the PENNSYLVANIA SKILL marks was a

12

condition precedent to the License Agreement.

17.    In the Amended Complaint, PSG alleges that Action has breached a contract with PSG, for using one or more of various marks.

18.    While the Amended Complaint is unclear, it appears that PSG alleges that Action breached the contract by using either or both of the PENNSYLVANIA SKILL marks without paying a fee to PSG.

19.    Action has denied these allegations.

20.    In the Amended Complaint, PSG asserts that Action has infringed PSG's rights under Section 43(a) of the Lanham Act (15 U.S.C.§ 1125(a)), has infringed PSG's trademark rights under Pennsylvania common law, and has committed the state common law tort of unfair competition.

21.    While the Amended Complaint is unclear, it appears that PSG alleges that Action is liable for using marks that allegedly are confusingly similar to PENNSYLVANIA SKILL GAMES, PENNSYLVANIA SKILL, and/or PA SKILL, without having the right to do so.

22.    Action has denied these allegations.

23.    Further, subsequent conduct by PSG, such as the document attached hereto as Exhibit A, confirms that the only marks subject to the license agreement are the subject marks U.S. Trademark Application Serial Numbers 87/856,441 and 87/856,442, namely the PENNSYLVANIA SKILL marks as defined in these counterclaims.

24.    The document at Exhibit A hereto is a true and correct copy of the invoice received by Action on or about October 28, 2019, and differs from Exhibit 5 to the Amended Complaint. The document at Exhibit A confirms that only use of the marks at U.S. Trademark Application Serial Nos. 87/856441 and 87/856442 – and no others – are contemplated by the Agreement. PSG

13

has modified the document at Exhibit 5 to the Amended Complaint to remove that language, without any indication of editing or redaction, further demonstrating PSG's bad faith in bringing its underlying action and in entering into and enforcing the License Agreement. Additionally, such invoice, whether Exhibit A to this Answer or Exhibit 5 to the Amended Complaint, is not a valid invoice, and Action disputes that any amount is owed under the License Agreement.

25.     In the Amended Complaint, PSG fails to allege what mark, if any, Action has used that infringes any mark owned by PSG.

26.     In the Amended Complaint, PSG asserts that it should be granted a preliminary and permanent injunction.

27.     Action has denied this allegation.

28.     Upon information and belief, third parties have senior rights to one or more of the asserted marks.

29.     Upon information and belief, PSG was actually aware of the senior rights of third parties.

30.     Upon information and belief, PSG, including its principle, Albert Unis, was aware of senior use of the asserted marks, or confusingly-similar asserted marks, by third parties such as Intervenors POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC, since at least 2013.

31.     Upon information and belief, PSG and Mr. Unis took affirmative steps to conceal from Action the senior rights of others, such as Intervenors, in the asserted marks at least until after the execution of the License Agreement.

32.     Alternatively, upon information and belief, PSG has failed to police the asserted marks, and has allowed third parties over which it has no control to use the asserted marks for

goods and services in the same channels of trade.

33.    Upon information and belief, PSG and Mr. Unis were aware of uncontrolled use of the asserted marks, or confusingly-similar asserted marks, by third parties such as Intervenors POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC, since at least 2013.

34.    Upon information and belief, PSG and Mr. Unis took affirmative steps to conceal from Action PSG's lack of control of third parties' use of the asserted marks, such as the use by Intervenors, at least until after the execution of the License Agreement.

35.    Upon information and belief, PSG and Mr. Unis were aware that they did not have the right to convey a valid interest to use the PENNSYLVANIA SKILL MARKS to Action at least as early as May 15, 2018.

36.    Upon information and belief, PSG and Mr. Unis took affirmative steps to conceal this information from Action at least until after the execution of the License Agreement.

37.    Well before execution of the license agreement, Wayne DeLuca, who was at the time counsel for PSG, contacted Action, on behalf of PSG and in his capacity as PSG's attorney, and requested that Action modify its marks.

38.    Mr. DeLuca reviewed Action's current mark, and approved it as not infringing the PENNSYVLANIA SKILL marks on behalf of PSG and in his capacity as attorney for PSG.

### COUNT I – DECLARATORY JUDGMENT
### THAT LICENSE AGREEMENT WAS NOT BREACHED

39.    Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

40.    PSG has accused Action of breaching the License Agreement in its Amended Complaint.

41.     Action has denied this alleged breach.

42.     The License Agreement relates only to use of the marks at U.S. Trademark Application Serial Nos. 87856441 and 87856442 – and no others.

43.     Action's current mark does not fall under the License Agreement, and therefore no payment is owed to PSG.

44.     Additionally or alternatively, Action's changing of its mark at the request of PSG's attorney was done in satisfaction of any pre-execution obligation owed by Action to PSG.

45.     PSG's allegations of breach of the License Agreement pose a threat to Action's business, and have and will continue to harm Action until such claims are resolved.

46.     An actual case or controversy exists regarding PSG's allegations of breach of the License Agreement.

47.     Action had no adequate remedy at law and therefore seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* and 42 Pa Con. Stat. Ann. § 7532 *et seq.* that Action has not breached the License Agreement.

48.     Action additionally seeks any further relief deemed appropriate by this Court pursuant to 28 U.S.C § 2202.

**COUNT II – DECLARATORY JUDGMENT
THAT THE LICENSE AGREEMENT IS INVALID**

49.     Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

50.     PSG's right to convey a license to use the PENNSYLVANIA SKILL GAMES marks in commerce was a condition precedent to Action entering into the License Agreement with PSG.

51.     Upon information and belief, since at least May 15, 2018, PSG did not have the

16

right to convey a license to use the PENNSYLVANIA SKILL GAMES marks, and has not since then.

52.     Without the right to convey a license to use the PENNSYLVANIA SKILL GAMES marks in commerce, there is no consideration for the License Agreement.

53.     The License Agreement is invalid.

54.     PSG continues to attempt to assert the License Agreement against Action.

55.     Action has denied that the license agreement is valid.

56.     PSG's attempts to assert the invalid License Agreement pose a threat to Action's business, and have and will continue to harm Action until such claims are resolved.

57.     An actual case or controversy exists regarding the validity of the License Agreement.

58.     Action had no adequate remedy at law and therefore seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* and 42 Pa Con. Stat. Ann. § 7532 *et seq.* that the License Agreement is invalid for lack of consideration.

59.     Action additionally seeks any further relief deemed appropriate by this Court pursuant to 28 U.S.C § 2202.

## COUNT III– FRAUD IN THE INDUCEMENT

60.     Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

61.     In order to induce Action to enter into the License Agreement, PSG falsely asserted that it had the right to convey a valid license in the PENNSYLVANIA SKILL GAMES marks.

62.     In order to induce Action to agree to pay a licensing fee under the License

17

Agreement, PSG falsely asserted that it had the right to convey a valid license in the PENNSYLVANIA SKILL GAMES marks.

63.     Upon information and belief, PSG's misrepresentations of its right to convey a license in the PENNSYLVANIA SKILL GAMES marks were made with knowledge of their falsehood.

64.     Upon information and belief, PSG knew since at least 2013 that third party superior rights of the PENNSYLVANIA SKILL GAMES marks precluded PSG from conveying a valid license to Action.

65.     Alternatively, upon information and belief, PSG knew since at least 2013 that uncontrolled third-party use of the PENNSYLVANIA SKILL GAMES marks precluded PSG from conveying a valid license to Action.

66.     In justifiable reliance on PSG's false assertions, Action entered into the License Agreement.

67.     In justifiable reliance of PSG's false assertion, Action agreed to pay licensing fees to PSG under the Licensing Agreement.

68.     As a direct result of PSG's actions, Action was damaged in an amount to be determined at trial.

69.     Further, due to PSG's conduct in this regard, the License Agreement is void and unenforceable.

## COUNT IV– UNJUST ENRICHMENT

70.     Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

71.     Action agreed to pay licensing fees to PSG based on PSG's misrepresentation that

18

it could convey a valid license to Action to use the PENNSYLVANIA SKILL GAMES marks.

72.     In light of PSG's misrepresentations, it would be inequitable to allow PSG to retain funds paid to it by Action.

73.     As a direct result of PSG's misrepresentations, Action was damaged in an amount to be determined at trial.

## COUNT V – DECLARATORY JUDGMENT
## THAT ASSERTED MARKS ARE INVALID

74.     Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

75.     While the Amended Complaint is unclear, it appears that PSG has alleged that Action has infringed the asserted marks.

76.     Action has denied these allegations.

77.     Upon information and belief, the asserted marks are descriptive terms of the goods and services to which they relate.

78.     PENNSYLVANIA and PA are geographic locations, which are descriptive as a matter of law.

79.     SKILL and SKILL GAMES are generic or descriptive terms of what PSG offers for sale.

80.     PSG's U.S. Trademark Reg. No. 5,887,224, for PENNSYLVANIA SKILL disclaims "SKILL" except as used in the mark.

81.     PSG's U.S. Trademark Reg. No. 5,887,224, for PENNSYLVANIA SKILL is on the supplemental register, which does not require a showing of acquired distinctiveness.

82.     None of PSG's asserted marks has acquired distinctiveness.

83.     Additionally or alternatively, PSG has allowed third parties and competitors, such

19

as potential Intervenors, to us the asserted marks to advertise and promote games of skill, and/or competing goods and services without control by PSG.

84.    Action asserts that the asserted marks are invalid, and should be deemed invalid by this Court because they are descriptive without secondary meaning, and/or because PSG has abandoned its rights in the asserted marks based on failure to police others' use of the same.

85.    PSG continues to allege infringement of the asserted marks against Action.

86.    Action has denied that the asserted marks are valid.

87.    PSG's attempts to assert infringement of invalid marks pose a threat to Action's business, and have and will continue to harm Action until such claims are resolved.

88.    An actual case or controversy exists regarding the validity of the asserted marks.

89.    Action had no adequate remedy at law and therefore seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201 et seq. and 42 Pa Con. Stat. Ann. § 7532 et seq. that the asserted marks are invalid.

90.    Action additionally seeks any further relief deemed appropriate by this Court pursuant to 28 U.S.C § 2202.

### COUNT VI – DECLARATORY JUDGMENT
### OF NON-INFRINGEMENT OF ASSERTED MARKS

91.    Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

92.    While the Amended Complaint is unclear, it appears that PSG has alleged that Action has infringed the asserted marks.

93.    PSG does not allege in the complaint what mark Action has used that infringes the asserted marks.

94.    Action has denied PSG's allegations of infringement.

20

95.  PSG's attempts to assert infringement of the asserted marks pose a threat to Action's business, and have and will continue to harm Action until such claims are resolved.

96.  An actual case or controversy exists regarding infringement of the asserted marks.

97.  Action had no adequate remedy at law and therefore seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201 et seq. and 42 Pa Con. Stat. Ann. § 7532 et seq. that Action has not infringed the asserted marks.

98.  Action additionally seeks any further relief deemed appropriate by this Court pursuant to 28 U.S.C § 2202.

**COUNT VII – DECLARATORY JUDGMENT
OF EXPRESS OR IMPLIED LICENSE**

99.  Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

100.  Well before execution of the License Agreement, Mr. DeLuca approved Action's current mark

101.  Upon information and belief, Mr. Deluca was acting on behalf of PSG in his capacity as attorney for PSG when he reviewed and approved Action's current mark.

102.  To the extent that PSG has any rights in the asserted marks, the review and approval of Action's current mark constitute an express license to use Action's current mark.

103.  PSG has asserted that Action infringes the asserted marks.

104.  Action has denied PSG's allegations of infringement.

105.  PSG's attempts to assert infringement of the asserted marks pose a threat to Action's business, and have and will continue to harm Action until such claims are resolved.

106.  An actual case or controversy exists regarding infringement of the asserted marks.

107.  Action had no adequate remedy at law and therefore seeks declaratory judgment

pursuant to 28 U.S.C. §§ 2201 et seq. and 42 Pa Con. Stat. Ann. § 7532 et seq. that Action has an express or implied license to use the asserted marks.

108.   Action additionally seeks any further relief deemed appropriate by this Court pursuant to 28 U.S.C § 2202.

### COUNT VIII – CANCELLATION OF U.S. TRADEMARK REG. NO. 5,887,224

109.   Action hereby incorporates by reference the preceding paragraphs of its Answer and Counterclaims as if fully restated herein.

110.   U.S. Trademark Reg. No. 5,887,224 for PENNSYLVANIA SKILL was entered on the supplemental register less than five years ago.

111.   Upon information and belief, PSG is not the senior user of PENNSYLVANIA SKILL as it appears in U.S. Trademark Reg. No. 5,887,224 and for the claimed goods and services.

112.   Upon information and belief, PSG was aware that it was not the senior user of PENNSYLVANIA SKILL, and concealed that information for the U.S. Patent and Trademark Office.

113.   Additionally or alternatively, PSG has abandoned the mark PENNSYLVANIA SKILL and allowed third parties and competitors, such as potential Intervenors, to use the mark to advertise and promote competing goods and services without control by PSG.

114.   Action seeks cancellation of U.S. Trademark Reg. No. 5,887,224 pursuant to 15 U.S.C. § 1064.

WHEREFORE, Action prays this Court will:

A.     enter declaratory judgment that Action has not breached the License Agreement;

B.     enter declaratory judgment that the License Agreement is void for lack of consideration;

22

C.      enter judgment in favor of Action and against PSG that PSG is liable for civil fraud and award damages in an amount to be ascertained at trial to Action;

D.      enter judgment in favor of Action and against PSG that the License Agreement is void for PSG's fraud inducing Action to execute the License Agreement;

E.      enter judgment in favor of Action that PSG is liable for unjust enrichment and award damages in an amount to be ascertained at trial to Action;

F.      enter declaratory judgment that the asserted marks are invalid;

G.      enter declaratory judgment that Action has not infringed the asserted marks;

H.      enter declaratory judgment that Action has an express or implied license to use the asserted marks;

I.      cancel U.S. Trademark Reg. No. 5,887,224 for PENNSYLVANIA SKILL;

J.      award Action reasonable costs and attorneys' fees associated with this action; and

K.      award any other relief that this Court deems to be just and equitable.


                                        Respectfully submitted,

                                        **THE WEBB LAW FIRM**

Dated: September 14, 2020               s/ *John W. McIlvaine*
                                        John W. McIlvaine (PA ID No. 56773)
                                        Anthony W. Brooks (PA ID No. 307446)
                                        David A. DuMont (PA ID No. 205858)
                                        One Gateway Center
                                        420 Ft. Duquesne Blvd., Suite 1200
                                        Pittsburgh, PA 15222
                                        412.471.8815
                                        412.471.4094 (fax)
                                        jmcilvaine@webblaw.com
                                        abrooks@webblaw.com
                                        ddumont@webblaw.com
                                        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2020, I electronically filed the foregoing

**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS** with the Clerk of the

Court using the CM/ECF system which sent notification to all counsel of record.

**THE WEBB LAW FIRM**

s/ *John W. McIlvaine*
John W. McIlvaine