13349275v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PENNSYLVANIA SKILL GAMES LLC, | CIVIL ACTION NO. 2:20-cv-01177-PLD |
| Plaintiff, | |
| v. | The Honorable Patricia L. Dodge |
| ACTION SKILL GAMES, LLC, | **JURY TRIAL DEMANDED** |
| Defendant, | |
| and | |
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | |
| Intervenors. | |

## INTERVENING DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Intervening Defendants, POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC (collectively, hereinafter referred to as "Intervenors" or "POM"), by and through counsel, answer the amended complaint in this matter as follows:

### Averments Common to All Counts

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

13349275v1

8.    Paragraph 8 calls for a conclusion of law to which no response is required. To the extent a response is necessary, reference is made to the cited registration for an accurate recitation of its contents. By way of further response, Plaintiff's "ownership" of the mark at issue is disputed.

9.    Admitted that the Pennsylvania Skill mark is distinctive and a secondary meaning, however the remaining allegation is denied and it is denied that Plaintiff has any ownership in the mark Pennsylvania Skill.

10.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 10, the same being denied.

11.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 11, the same being denied.

12.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 12, the same being denied. It is denied that Plaintiff has acquired any "goodwill and reputation," and instead has palmed off the industry expertise, trademarks, and good will of Intervenors as if it were its own.

13.    Paragraph 13 and its subparts calls for a conclusion of law to which no response is required. To the extent a response is necessary, reference is made to the cited registration for an accurate recitation of its contents. By way of further response, Plaintiff's "ownership" of the mark at issue is disputed.

14.    Paragraph 14 calls for a conclusion of law to which no response is required. To the extent a response is necessary, reference is made to the cited document for an accurate recitation of its contents.

13349275v1

15.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 15, the same being denied. It is denied that Plaintiff has acquired any "goodwill and reputation," and instead has palmed off the industry expertise, trademarks, and good will of Intervenors as if it were its own. The only "confusion" that could exist in the market is between Intervenors' lawful right to any trademarks at issue in this case and those that Plaintiff has misappropriated. The remaining averments are denied.

## COUNT I

## BREACH OF WRITTEN CONTRACT

16.     All related paragraphs from this Answer are incorporated herein by reference as if set forth at length.

17.     Paragraph 17 calls for a conclusion of law to which no response is required. To the extent a response is necessary, reference is made to the cited document for an accurate recitation of its contents.

18.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 18, the same being denied.

19.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 19, the same being denied.

20.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 20, the same being denied.

21.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 21, the same being denied.

22.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 22, the same being denied.

13349275v1

23.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 23, the same being denied.

24.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 24, the same being denied.

25.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 25, the same being denied.

26.    After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 26, the same being denied.

WHEREFORE, Intervenors, POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC request the Court enter judgment in their favor, dismiss the complaint in its entirety, and award such further relief as may be just and proper.

## COUNT II

## VIOLATION OF LANHAM ACT § 43(a)

27.    This paragraph merely restates prior paragraphs and no response is required.

28.    Paragraph 28 of the Complaint calls for a conclusion of law to which no response is required, the same being denied.

29.    Paragraph 29 of the Complaint calls for a conclusion of law to which no response is required, the same being denied.  Intervenors deny any allegation which explicitly or implicitly suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill.

30.    Paragraph 30 of the Complaint calls for a conclusion of law to which no response is required, the same being denied.  Intervenors deny any allegation which explicitly or implicitly suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill.

4

13349275v1

31.     Paragraph 31 of the Complaint calls for a conclusion of law to which no response is required, the same being denied.  Intervenors deny any allegation which explicitly or implicitly suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill.

32.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 32, the same being denied. Intervenors deny any allegation which explicitly or implicitly suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill.

33.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 33, the same being denied. Intervenors deny any allegation which explicitly or implicitly  suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill

34.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 34, the same being denied. Intervenors deny any allegation which explicitly or implicitly  suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill

35.     Paragraph 35 of the Complaint calls for a conclusion of law to which no response is required, the same being denied.  Intervenors deny any allegation which explicitly or implicitly suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill

36.     Paragraph 36 of the Complaint calls for a conclusion of law to which no response is required, the same being denied.  Intervenors deny any allegation which explicitly or implicitly suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill

13349275v1

37.     Paragraph 37 of the Complaint calls for a conclusion of law to which no response is required, the same being denied.  Intervenors deny any allegation which explicitly or implicitly suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill.

WHEREFORE, Intervenors, POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC request the Court enter judgment in their favor, dismiss the complaint in its entirety, and award such further relief as may be just and proper.

## COUNT III

### PENNSYLVANIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

38.     This paragraph merely restates prior paragraphs and no response is required.

39.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 39, the same being denied. It is expressly denied that Plaintiff has the trademark rights it is claiming. Intervenors deny any allegation which explicitly or implicitly  suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill

40.     Denied.

41.     Denied.

WHEREFORE, Intervenors, POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC request the Court enter judgment in their favor, dismiss the complaint in its entirety, and award such further relief as may be just and proper.

## COUNT IV

### PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

42.     This paragraph merely restates prior paragraphs and no response is required.

43.     Denied.

6

13349275v1

44.     Denied.

45.     Denied.

46.     Denied.

47.     After reasonable investigation, Intervenors are without information sufficient to form a belief as to the truth of the averments of Paragraph 47, the same being denied. It is expressly denied that Plaintiff has the trademark rights it is claiming. Intervenors deny any allegation which explicitly or implicitly  suggests that Plaintiff somehow has ownership of the mark Pennsylvania Skill

48.     Denied.

WHEREFORE, Intervenors, POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC request the Court enter judgment in their favor, dismiss the complaint in its entirety, and award such further relief as may be just and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff does not own the trademarks at issue and has no right to license or sell them to any third party without Intervenors' express consent.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands because it has licensed or sold intellectual property it neither created nor owned.

13349275v1

### THIRD AFFIRMATIVE DEFENSE

Some or all of the Counterclaim fails to state a claim for which relief can be granted because Plaintiff lacks standing, lacks ownership of the trademarks, and has no right to license or sell the marks without Intervenors' express consent.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to a lack of ownership or enforceable legal interest in the PENNSYLVANIA SKILL mark, by statute or common law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to the doctrines of waiver, estoppel, and/or accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to a lack of legally compensable or actual damages, as it has no right to license or sell the trademarks at issue without Intervenors' express consent.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to a failure to mitigate damages.

13349275v1

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to a false designation of origin of a trademark and a misrepresentation of facts related to the ownership of trademarks that are the intellectual property of POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and/or Savvy Dog Systems, LLC.

### NINTH AFFIRMATIVE DEFENSE

To the extent necessary, Counterclaim Defendants assert the defenses of fair use and collateral use.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they have entered into an illegal contract with Defendant that attempts to license or sell an intellectual property right that Plaintiff does not have.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the statute of frauds.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because the trademarks at issue are based upon and composed of copyrights solely owned by one or more Intervenors.

13349275v1

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has abandoned its common law trademark rights by failing to use them for an extended period of time, to the extent any exist at all.

WHEREFORE, Intervenors, POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC request the Court enter judgment in their favor, dismiss the complaint in its entirety, and award such further relief as may be just and proper.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306

    T:  412-325-1116
    F:  412-325-3324
    E:  jneiser@spilmanlaw.com

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219

    **Attorneys for Intervening Defendants POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC**

13349275v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA SKILL GAMES LLC, | CIVIL ACTION NO. 2:20-cv-01177-PLD |
| Plaintiff, | |
| v. | The Honorable Patricia L. Dodge |
| ACTION SKILL GAMES, LLC, | |
| Defendant, | |
| and | |
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | |
| Intervenors. | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Intervening Defendants'**

**Answer and Affirmative Defenses** was served upon the undersigned counsel of record this 18th

day of September, 2020 via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Zegarelli Technology & Entrepreneurial
     Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241

**Counsel for Plaintiff Pennsylvania Skill Games LLC**

Via email to jmcilvaine@webblaw.com
abrooks@webblaw.com

John W. McIlvaine, Esquire
Anthony W. Brooks, Esquire
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA  15222

**Counsel for Defendant Action Skill Games, LLC**


SPILMAN THOMAS & BATTLE, PLLC

/s/ Julian E. Neiser
Julian E. Neiser