IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA SKILL GAMES, LLC, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| ACTION SKILL GAMES, LLC, | ) |
| | )   Civil Action No. 20-1177 |
| Defendant/Counterclaim Plaintiff | ) |
| | ) |
| and | ) |
| | ) |
| POM OF PENNSYLVANIA, LLC and | ) |
| SAVVY DOG SYSTEMS, LLC, | ) |
| | ) |
| Intervenors. | ) |

## MEMORANDUM ORDER

Plaintiff Pennsylvania Skill Games, LLC, ("PSG") has moved the Court to certify the modified Initial Case Management Order in this case (ECF No. 41) for an interlocutory appeal to the United States Court of Appeals for the Third Circuit. (ECF No. 48.) In the order at issue, the Court directed the parties to participate in an early neutral evaluation ("ENE") because the parties disagreed over the form of alternative dispute resolution ("ADR") to be employed in this case.

According to PSG, the Western District of Pennsylvania ("Western District") is implementing its ADR process "in violation of the United States Constitution, Amendments V, XIII and XIV." (ECF No. 48 at 1.) PSG seeks certification of the Court's order so that the Third Circuit can determine whether this Court has jurisdictional power to compel a party "to enter into a non-transparent collateral ENE services contract for ADR processes on a variable unlimited fee basis, partially controlled by adversary litigants," and, if so, whether the Western District

implements its ADR Policies and Procedures ("ADRPP") in accordance with the United States Constitution. (*Id.* ¶ 21.)

Both Defendant Action Skill Games, LLC, ("Action") and Intervenors POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC (collectively, "Intervenors") oppose certification. For the reasons below, PSG's motion will be denied.

## I.  **Background**

In preparation for their Rule 16 Conference with the Court, the parties prepared a Rule 26(f) Report in which they advised the Court, among other matters, that they were unable to reach consensus regarding the method of ADR in which to participate. (ECF No. 30 at 6.) Action and Intervenors suggested that the parties engage in an ENE, followed by mediation; PSG noted that while it considered this approach, it was unwilling to participate in an ENE but welcomed a mediation. (*Id.*) At the later Rule 16 Conference, the Court agreed with the ENE/mediation approach and issued an Order directing the parties to proceed with a hybrid ENE/mediation process.

After PSG filed a "Motion for Clarification of Case Management Order [ECF No. 37], with Plaintiff's Stated Consent to Mediation, Objection of Record Regarding ENE and/or 'Hybrid' ADR, with Request for Defendants to Pay the Cost of Any Form of ADR They Seek to Impose Other Than Mediation," the Court issued the Order at issue in which it ordered the parties to proceed with an ENE.[1] Notably, while PSG suggested that mediation is the least expensive ADR method and objected to having to pay any part of the ENE neutral's fee, at no point has it ever

---

[1] The Court's local rules provide that "[i]f the parties cannot agree on a process before the end of the Scheduling Conference, the Judge will make an appropriate determination and/or selection for the parties." W.D. Pa. LCvR 16.2(D).

stated that it is unable to afford an ADR process, nor has it sought any relief on that basis.[2] Indeed, it did not oppose participating in a mediation or paying its proportionate share of the cost of doing so.

PSG later filed the pending motion which has been fully briefed. (ECF Nos. 48, 56, 57, 60.)

## II.   Standard of Review

The standard for allowing an interlocutory appeal is as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference in opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . .

28 U.S.C. § 1292(b). The Third Circuit has explained that "institutional efficiency is a major purpose of [§ 1292(b)]," *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir. 1979), and that certification should be used "only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation . . . ." *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). The decision to certify an interlocutory order is within a district court's discretion, *Bachowski v Usery*, 545 F.2d 363, 368 (3d Cir. 1976), and "the burden is on the movant to demonstrate that a 1292(b) appeal is warranted." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994).

---

[2] PSG alternatively requested in its Motion for Clarification that if ENE is ordered, the neutral should charge no more than $245.00 per hour and the ENE should be limited to eight hours. A neutral has not yet been selected.

### III.   Discussion

The issues to be determined with respect to PSG's pending motion are: 1) whether the order directing the parties to participate in an ENE involves a controlling question of law; 2) as to which there is substantial ground for difference of opinion; and 3) whether an immediate appeal from that order may materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1973). As explained below, PSG has failed to establish the first two conditions and does not even address the third.

#### A.   Controlling Question of Law

A controlling question of law is one that "would result in a reversal of a judgment after final hearing." *Katz*, 496 F.2d at 755. Neither the issue of whether the Court has jurisdiction to compel a party to participate in a specific method of ADR, nor the constitutionality of the District's implementation of its ARDPP, are controlling questions of law *in this action*. While any of this Court's orders could be reversed on appeal, any decision by the Third Circuit to do so regarding the issues raised by PSG would not affect the outcome of this lawsuit; it would, at most, represent a decision that PSG, and possibly other parties, should not be required over their objection to participate in a court-ordered ADR process at their expense.

Moreover, as implemented by the Western District, mediation and ENE are non-binding. In an ENE, the parties confidentially present compact presentations and receive a non-binding evaluation. This process can proceed at a time determined by the Court after consultation with the parties. No party is bound by the evaluation. If the matter is not resolved at the ENE, the case continues unabated. As a result, PSG has failed to show that the order requiring it to participate in an ENE over its objections and to equally share the expense of doing so with Action and Intervenors is a controlling question of law.

Finally, as explained in Local Rule 16.2(B):

> The Court recognizes that full, formal litigation of claims can impose large economic burdens on parties and can delay resolution of disputes for considerable periods. The Court also recognizes that an alternative dispute resolution ("ADR") procedure can improve the quality of justice by improving the parties' understanding of their case and their satisfaction with the process and the result. The Court adopts LR 16.2 to make available to litigants a broad range of court-sponsored ADR processes to provide quicker, less expensive and potentially more satisfying alternatives to continuing litigation without impairing the quality of justice or the right to trial. The Court offers diverse ADR services to enable parties to pursue the ADR process that promises to deliver the greatest benefits to their particular case. In administering LR 16.2 and the ADR program, the Court will take appropriate steps to assure that no referral to ADR results in an unfair or unreasonable economic burden on any party.

W.D. Pa. LCvR 16.2(B).

While PSG asserts that an ENE is presumptively more expensive than a mediation, it offers no conclusive basis for its claim that an ENE here will be more costly than the mediation in which it was willing to participate at its cost. This depends on any number of factors that have not been established at this point, including the identity of the neutral, his or her hourly rate and the scope and length of the ENE. As the ADR Program is designed, and with the parties' good faith participation, the ENE may provide a "quicker, less expensive and potentially more satisfying alternatives to continuing litigation without impairing the quality of justice or the right to trial." *Id.*

### B. Substantial Ground for Difference of Opinion

PSG has also failed to demonstrate that there is a substantial ground for difference of opinion about the Court's jurisdiction in directing the parties to participate in an ENE or that requiring parties to pay the fees of a neutral in court-sponsored ADR is unconstitutional.

As to jurisdiction, the Alternative Dispute Resolution Act of 1998 ("Act") provides in relevant part that "[a]ny district court that elects to require the use of [ADR] in certain cases may

do so only with respect to mediation, early neutral evaluation, and, if the parties consent, arbitration." 28 U.S.C. § 652(a). Thus, the Court has "devise[d] and implement[s] its own [ADR] program, by local rule . . . to encourage and promote the use of [ADR] in [this] [D]istrict." *Id.* § 651(b). The Court's local rules authorize mandatory ADR and, consistent with the Act, the Court-sponsored options include mediation, ENE, and non-binding arbitration. W.D. Pa. LCvR 16.2. If the parties cannot agree on an ADR option, the Court "make[s] an appropriate determination and/or selection for the parties." *Id.*

Here, the parties disagreed over the form of the ADR and the Court, in accordance with its local rules and the statutory framework, directed them to participate in an ENE. Thus, the Court acted within its jurisdiction. *See, e.g., In re Atl. Pipe Corp.*, 304 F.3d 135, 140 (1st Cir. 2002) ("There are four potential sources of judicial authority for ordering mandatory non-binding mediation of pending cases, namely, (a) the court's local rules, (b) an applicable statute [i.e., the Act], (c) the Federal Rules of Civil Procedure, and (d) the court's inherent powers."); *Abele v. Hernando Cty.*, 161 F. App'x 809, 813 (11th Cir. 2005) ("A federal district court may take appropriate action with respect to settlement and the use of special procedures to assist in resolving a dispute when authorized by statute or local rule.")

Relatedly, while PSG references the ADR procedures of the Northern District of California, which mandate some limited volunteer time by an evaluator, PSG fails to cite to a single case that shows a substantial ground for difference of opinion about whether requiring parties to pay the fees of a neutral in court-sponsored ADR is unconstitutional.

C. Whether Immediate Appeal Materially Advance the Litigation

Finally, immediate appeal will not materially advance the ultimate termination of this lawsuit. The Third Circuit has emphasized that § 1292(b) "is designed to allow for early appeal of

a legal ruling when resolution of the issue may provide efficient disposition of the litigation." *Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir. 1981). That simply is not the case here. In fact, PSG's motion fails to even address this condition. An appeal would not simplify the issues here, promote the efficient administration of justice or eliminate the need for a trial. Indeed, an interlocutory appeal could significantly delay the resolution of this case.[3]

## IV.   Conclusion

Certification is appropriate only in exceptional cases in which an intermediate appeal may avoid protracted and expensive litigation. PSG has failed to show that certification will meet this goal. Nor has it demonstrated that each of the necessary conditions to warrant an interlocutory appeal are present here. Even if it had done so, however, permission to take an interlocutory appeal is not mandatory, but is within the Court's discretion. *Bachowski*, 545 F.2d at 368. The Court declines to exercise its discretion to grant PSG's motion because it will not promote the orderly and efficient administration of justice.[4]

Therefore, Pennsylvania Skill Games, LLC's motion to certify the modified initial case management order for an interlocutory appeal (ECF No. 48) is DENIED.

~~SO ORDERED~~ this 25th day of January, 2021

PATRICIA L. DODGE
United States Magistrate Judge

---

[3] In a separate pending motion, Action has moved to stay this case because possible rulings in another active case between PSG and Intervenors could have a significant bearing on the outcome of this litigation. PSG opposes a stay for that purpose on multiple grounds.

[4] PSG also references the collateral order doctrine (ECF No. 48 ¶ 24), which allows an appellate court to exercise jurisdiction under 28 U.S.C. § 1291 over a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). The collateral order doctrine has no bearing on the analysis of a motion brought pursuant to § 1292(b).