**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PENNSYLVANIA SKILL GAMES, LLC, | ) | Civil Action |
| | ) | |
|     Plaintiff/Counterclaim<br>Defendant, | ) <br> ) | No. 2:20-cv-01177-PLD |
| | ) | Magistrate Judge Patricia L. Dodge |
|   v. | ) | |
| | ) | ***Electronically filed*** |
| ACTION SKILL GAMES, LLC, | ) | |
| | ) | |
|     Defendant/Counterclaim<br>Plaintiff, | ) <br> ) | |
| | ) | |
|   and | ) | |
| | ) | |
| POM OF PENNSYLVANIA, LLC AND<br>SAVVY DOG SYSTEMS, LLC, | ) <br> ) | |
| | ) | |
|     Intervenors. | ) | |

### JOINT MOTION BY PLAINTIFF PENNSYLVANIA SKILL GAMES AND DEFENDANT ACTION SKILL GAMES TO DISMISS WITHOUT PREJUDICE

1.      Plaintiff filed this action against Defendant arising from a two-party License Agreement solely between Plaintiff and Defendant, as set forth in the Amended Complaint [ECF 14].  Defendant filed an Answer and Counterclaim against Plaintiff. [ECF 24].

2.      Plaintiff and Defendant have resolved all claims that were or could have been brought in this action by a written settlement agreement ("**Settlement Agreement**"), subject to satisfaction of a contingency as explained herein.

3.    Intervenors intervened as party-*defendants*, defending the claims made by Plaintiff. Intervenors did not file any claim or counterclaim in this action, but only a purported defense against Plaintiff's claims.

4.    Section 8.h of the Settlement Agreement states, in pertinent part, "**This Agreement is contingent upon Intervenors <u>unconditionally</u> consenting to dismissal of the Lawsuit[.]**" (emphasis added)

5.    After Plaintiff and Defendant entered into the Settlement Agreement and informed Intervenors of their joint desire to dismiss without prejudice, Intervenors stated a right to see the Settlement Agreement pursuant to FRCP 26 and the Protective Order [ECF 69].[2]  On that basis, and only on that basis, the document was provided to counsel for Intervenors on a CONFIDENTIAL-ATTORNEYS' EYES ONLY basis.

6.    After reviewing the Settlement Agreement, counsel for Intervenor made inquiries regarding interpretive questions relating to the Settlement Agreement, to which Plaintiff's counsel would not answer to avoid what would or could be deemed effective stipulations, responding only that the Settlement Agreement "speaks for itself" and Intervenors' consent must be on that basis alone.[3]

---

[2] By email dated June 15, 2021, counsel for Intervenors stated, "I agree to review the settlement on an attorney eyes only basis pursuant to the protective order entered in this case. My basis, herein and heretofore, per counsel, as discussed, is the basis of discoverability as defined by FRCP 26."

[3] Intervenors can unconditionally consent or refuse to consent, but the point was to prevent intrusions, particularly undocumented intrusions, into Plaintiff and Defendant's agreement and the dismissal, causing future complications. Although beyond the scope of the precise question before the Court, counsel for Intervenors asked for interpretive assurances with regard to future "scripts" being "neutral."  Responding to such inquiries establishes a record "basis" for a later claim by Intervenors that the dismissal was only stipulated by them to be entered but for or by consent "on the basis" of such responses; thereby, such responses to inquiries are stipulations, in effect.

7.      On June 16, 2021, Counsel for Intervenors granted consent to filing the unanimous Stipulation for Dismissal, <u>Exhibit B</u> to the Settlement Agreement, representing by email, "**Based on the discussion, we will agree to join in the stipulation.**"  (emphasis added) The referenced "discussion" was solely an oral discussion between counsel for Defendant and Intervenors and without participation by counsel for Plaintiff.

8.      Based upon the express "based upon" predicate caveat stated by counsel for Intervenors in its consent to file the Stipulated Dismissal, and in light of prior inquiries by Counsel for Intervenors, Plaintiff's counsel sought a good faith clarification that the consent was "unconditional" so as to meet the express language of the Section 8.h Settlement Agreement contingency.[4]

9.      After a written request by Plaintiff's counsel, counsel for Intervenors refused to confirm that Intervenors' grant of consent to file was unconditional.

10.      Accordingly, Plaintiff and Defendant seek dismissal of this action, without prejudice, and without the consent of Intervenors.

---

[4] Plaintiff's Note: Plaintiff's counsel has a professional responsibility to ensure there is no misunderstanding as to the grounding consent that Plaintiff's counsel would be filing with the Court; that is, that the consent by Intervenors is "unconditional" to meet the Settlement Agreement contingency that is related to that consent being requested.  Words matter.  Intervenors' "based upon" predicate caveat language supports some form justifiable reliance on a case dismissal by a telephone call to which Plaintiff was not a party.  The words matter and would not be clarified by Intervenors.  Intervenors' counsel is required to be forthright and candid, as a matter of professional responsibility.

11.     Plaintiff and Defendant have resolved all issues arising from this action by settlement agreement and seek a dismissal without prejudice and without determination on the merits.

12.     With or without Intervenors' consent, the dismissal is justified.  Plaintiff and Defendant have entered into a confidential two-party agreement that cannot bind Intervenors as a matter of law.  If any conduct arising from the Settlement Agreement creates any cause of action by a third party, no rights are prejudiced for such third party to enforce rights, and any such cause of action is speculative and not before this Court in this action.  Moreover, Plaintiff and Defendant seek a dismissal without prejudice and thereby the dismissal cannot terminate any right of Intervenors.[5]  Intervenors have no claim against Plaintiff or Defendant set forth in this action, but the intervention is only framed as a *defense* to Plaintiff's claim only, which would not exist by virtue of the Settlement Agreement.

13.     The terms and conditions for resolution by the Plaintiff and Defendant include certain obligations to occur in the future, and this Court retaining jurisdiction over any failure to perform those settlement obligations is a condition of the settlement. In the event of any failure to perform settlement obligations, the matters brought before the court at that time shall be limited to the terms of the settlement obligations and not the merits of the cause of action initially giving rise to this dispute.

14.     The request for dismissal made herein is intentioned that Plaintiff and Intervenors reserve all rights and any settlement between Plaintiff and Defendant has no substantive implication in any way on the consolidated matter at 2:18-cv-722 and any resolution of the dispute

---

[5] If Intervenors are seeking to preserve an appellate right of appeal for a dismissal without prejudice, so be it.

4

in this case does not create any admission, express or implied, on behalf of any party, in any way, or for any reason.

15.     Continuing the litigation does not serve the interests of justice, is a waste of party and judicial resources for parties far less financially capable than Intervenors, and is now unnecessary to resolve the claims of record.  Notwithstanding the express contingency that Intervenors unconditionally consent to the dismissal, Plaintiff and Defendant have stipulated that entry of the relief requested herein, being no less effective than an unconditional consent by Intervenors, will satisfy the contingency set forth in Section 8.h of the Settlement Agreement.

WHEREFORE, Plaintiff and Defendant hereby pray this this Honorable Court dismiss this action without prejudice.

Dated:  June 22, 2021

Respectfully submitted,

| | |
|---|---|
| **TECHNOLOGY & ENTREPRENEURIAL VENTURES LAW GROUP, PC** | **THE WEBB LAW FIRM**<br>*s/ John W. McIlvaine*<br>John W. McIlvaine (PA ID No. 56773)<br>Anthony W. Brooks (PA ID No. 307446) |
| *s/ Gregg Zegarelli*<br>Gregg R. Zegarelli, Esq. (PA ID 52717) | |
| 2585 Washington Road, Suite 134<br>Summerfield Commons Office Park<br>Pittsburgh, PA 15241<br>412.559.5262 412.833.0601 (fax)<br>gregg.zegarelli@zegarelli.com<br>*Attorney for Plaintiff/*<br>*Counterclaim Defendant* | One Gateway Center<br>420 Ft. Duquesne Blvd., Suite 1200<br>Pittsburgh, PA 15222<br>412.471.8815  412.471.4094 (fax)<br>jmcilvaine@webblaw.com<br>abrooks@webblaw.com<br>*Attorneys for Defendant/Counterclaim Plaintiff* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, I electronically filed the foregoing **JOINT MOTION BY PLAINTIFF PENNSYLVANIA SKILL GAMES AND DEFENDANT ACTION SKILL GAMES TO DISMISS WITHOUT PREJUDICE**  with the CM/ECF system which I believe sent notification to all counsel of record.

June 22, 2021

**TECHNOLOGY & ENTREPRENEURIAL VENTURES LAW GROUP, PC**

*s/ Gregg Zegarelli*
Gregg R. Zegarelli

2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241
412.559.5262
412.833.0601 (fax)
gregg.zegarelli@zegarelli.com
*Attorney for Plaintiff/Counterclaim Defendant*